## JOHN GREEN *vs.* CITY OF FALL RIVER.

On a hearing before a sheriff's jury for an assessment of the damages caused by taking land for a highway, it is within the discretion of the presiding officer to exclude evidence of sales of other lands the year previous to the taking as too remote in point of time to have a material bearing upon the question of value.

On a hearing before a sheriff's jury for an assessment of the damages caused by taking land for a highway, the jury may deduct from the amount otherwise due the value of the direct and special benefit done the estate, even against the objection of the respon-. dents, who propose to afterward assess the estate for betterments.

PETITION to the county commissioners, for a jury to assess the damages done to the premises of the petitioner, by the widening of Pleasant Street, in November, 1871.

At the trial before a sheriff's jury, the petitioner, for the purpose of proving the value of the land taken in the widening complained of, called as a witness an auctioneer and real estate broker of large experience, who testified on the direct examination that the premises claimed by the petitioner were worth eight dollars a square foot; the respondent asked him in cross-examination what was paid in 1870 for certain land in close proximity to the premises in question; the petitioner objected to the question, the sheriff excluded it, and the respondent excepted; the respondent then stated that he expected to show by the cross-examination of the witness the price paid for land on the same street in close proximity to the premises in question and similarly situated, in March, 1870, in the spring and summer of 1870, and in December, 1870; this was objected to by the petitioner and excluded by the sheriff on account of the length of time between the sale and the taking of the property, and the liability to change in the price of land in the centre of a city like Fall River; to this the respondent excepted.

The counsel for the respondent stated that the respondent would introduce no evidence as to the increased benefit, if any, derived by the petitioner's premises from the widening of the street, and should not ask the jury to consider that benefit in making up their verdict, as the city proposed to assess the petitioner's estate for betterments under the betterment act; and no

evidence was introduced in relation to the benefit to the estate, during the trial, and no allusion was made to it by the respondent's counsel in his argument; and the respondent upon the above facts requested the sheriff to instruct the jury that they were not to take into account in making up their verdict any benefit resulting to the premises of the petitioner from the widening; but the sheriff declined to give the instruction, and instructed the jury that they were to take into account in making up their verdict the benefit, if any, resulting to the petitioner's estate from the widening complained of; to this instruction the respondent excepted.

The jury returned a verdict for an amount larger than that awarded by the city.

The verdict was reported to and accepted by the Superior Court, and the respondent appealed.

*J. M. Morton, Jr.*, for the respondent.

*J. C. Blaisdell*, for the petitioner.

GRAY, C. J.    It was within the discretion of the officer presiding at the trial to exclude the evidence of sales of other lands in 1870, as too remote in point of time to have any material bearing upon the value of the land in question at the time of the taking in November, 1871.    *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 115.    *Presbrey* v. *Old Colony & Newport Railroad Co.* 103 Mass. 1.

The betterment act of 1871, *c.* 382, § 1, does not repeal the provision of the highway act, Gen. Sts. *c.* 43, § 16; but secures the land-owner from being twice charged for the same benefit, by providing that, in assessing betterments under the former, due allowance shall be made for any benefit set off under the latter. The benefit and advantage to be taken into consideration in the assessment under the betterment act, may include that shared by the estate in question with other estates in the vicinity, though not bounding on the same street, beyond the general advantage to all lands in the same city.    The benefit to be deducted in estimating damages under the highway act, is limited to the direct and special benefit to the estate in question, as distinguished from other estates not bounding on the same street.    *Chase* v. *Worcester,*

108 Mass. 60. *Allen* v. *Charlestown*, 109 Mass. 243. *Upham* v. *Worcester*, *ante*, 97. If the instructions to the jury were not sufficiently guarded in this respect, the respondent has no cause of exception, and the petitioner asserts none.

*Verdict accepted.*