The Chicago and Alton Railway Company

*v.*

Stephen Staley *et al.*

*Opinion filed April 17, 1906.*

1. Eminent domain—*when instruction as to elements of damage is improper.* An instruction authorizing the jury, in assessing damages to farm land not actually taken for right of way, to consider danger of stock being killed or injured in the future, damages from fire by passing engines, and all other damages that they may believe may be reasonably expected to ensue from the construction and operation of the railroad, is erroneous, where it fails to confine the consideration of such matters to their effect upon the market value of the land.

2. Same—*use for which land is best adapted must affect its present value.* The highest and best use which the owner of land is entitled to have considered by the jury in fixing the compensation for land taken and damages to that not taken must be such a use as affects the present, and not the future, market value of the land; and possible or imaginary uses, or probable future uses dependent upon circumstances, cannot be considered.

Appeal from the County Court of Sangamon county; the Hon. G. W. Murray, Judge, presiding.

Patton & Patton, (F. S. Winston, of counsel,) for appellant.

Shutt, Graham & Graham, for appellee.

Mr. Justice Scott delivered the opinion of the court:

Appellant, on July 22, 1905, filed its petition in the county court of Sangamon county to condemn a right of way for its railroad across lands of the appellee Stephen Staley, situated in Sangamon county. The other appellees are holders of mortgages against the premises involved in the litigation. The land taken by the railroad company consists of a strip one hundred feet in width, extending diagonally across Staley's farm, and dividing it in such a manner as to leave approximately an equal quantity of land on each side of the right of way. The farm contains 120 acres, and is without buildings of any kind. The railroad right of way takes 6.51 acres. Appellees filed a cross-petition, setting up that the remaining 113.49 acres would be damaged by reason of the taking of said strip and the construction and operation of a railroad thereon.

Witnesses for appellant fixed the value of land taken at amounts ranging from $650 to $812, while witnesses for appellees fixed such value at amounts ranging from $812 to $975. The damages to land not taken were estimated by appellant's witnesses at amounts from $1250 to $2900, and by appellees' witnesses at amounts from $3750 to $7350. The jury, after hearing the testimony, viewed the premises and returned a verdict awarding $975 to appellee Staley as compensation for land taken and $4540 as damages to land not taken. After overruling appellant's motion for a new trial the court entered judgment upon the verdict, and appellant brings the record to this court. It assigns as error the giving of certain instructions requested by appellees, and complains that the verdict is excessive.

The second instruction given at the request of appellees is as follows:

"The court instructs you that in assessing the damages in this case you have a right to take into consideration not only the value of the land taken, but all facts and circumstances which tend to show damage to the land not taken, and in this case, if it appears from the evidence or from your view of the premises that the farm is cut into inconvenient pieces for the purposes which it is now used or for any purposes for which it may be hereafter lawfully used, or that there is danger from killing or injuring stock in the future, if the evidence or your view of the premises show such uses, or damages from fire by passing engines, or damage from inconvenience in crossing or re-crossing the right of way and tracks in going from one part of the farm to another, and the injury, if any, by reason of said farm being thrown open for a possible period of six months after the commencement of the operation of some part of said railway, and all other damages, if any, that may reasonably be expected to flow from and follow the construction and operation of said proposed railroad, as shown by the evidence, if any, or by your view of the premises."

This instruction is erroneous. It authorizes the jury, in assessing damages, to consider danger of stock being killed or injured in the future, damage from fire by passing engines, and all other damages that the jury may believe may reasonably be expected to ensue from the construction and operation of the railroad, and does not confine the consideration of such matters to their effect upon the market value of land not taken. While it is proper to instruct the jury that they may consider the increased risk of loss from fire, the increased danger to live stock, or other dangers that may arise from the construction and operation of the railroad, if, and in so far as, the market value of land not taken is thereby depreciated, it is not proper to advise the jury that they may anticipate losses of any character which may, but will not

certainly, result from the operation of the railroad, and allow anything by their verdict for such anticipated losses. *Chi-* *cago Southern Railway Co.* v. *Nolin,* (*ante,* p. 367,) and cases there cited.

It is said by appellees that an instruction similar to the one above set out was approved by this court in the case of *Chicago, Peoria and St. Louis Railway Co.* v. *Greiney,* 137 Ill. 628. The instruction in that case was materially different from the one now before us. It told the jury that they might consider all facts which contribute to produce damage to land not taken, such as danger from killing or injuring stock, or damage from fire from passing engines, etc., mentioning those elements merely as examples of matters which might contribute to reduce the value óf land not taken. The instruction in the case at bar, although it enumerates certain elements of damage which were mentioned in the instruction in the *Greiney case,* yet does not recite them as illustrations of matters that might contribute to depreciate the value of land not taken, and, as above pointed out, does not confine the jury to the consideration of such elements to the extent, only, that such elements may depreciate the value of land not taken.

Inasmuch as the instruction above set out authorized the jury to fix the damages to land not taken upon an improper basis, it is not cured by other instructions given to the jury in this case. *Illinois, Iowa and Minnesota Railway Co.* v. *Easterbrook,* 211 Ill. 624; *Chicago and Milwaukee Electric Railroad Co.* v. *Mawman,* 206 id. 182; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Naperville,* 166 id. 87.

Appellees' eighth instruction told the jury that "in estimating the damages to adjacent land of defendant not taken, if any, you should consider the depreciation in value, if any, of the land not taken, for any present or future use to which the land may conveniently and lawfully be put, on account of the building and operation of the proposed railroad;" and their eleventh instruction was to the effect that the jury

should fix, as compensation for land taken, "such sum of money as the jury shall find, from all the evidence and from their view of the premises, such property so sought to be taken is fairly and reasonably worth, taking into consideration its present use and any use to which it may reasonably be put in the future." These instructions, as well as other similar instructions given at the request of appellees, contain an incorrect statement of the law. Possible or imaginary uses, or a probable future use dependent on circumstances, are not elements to be taken into consideration in determining the compensation or damages to be awarded in a proceeding of this character. *Illinois Central Railroad Co.* v. *City of Chicago,* 169 Ill. 329.

The land owner is entitled to the highest fair cash market value of the land actually taken, for the highest and best use to which it is adapted, (*Hartshorn* v. *Illinois Valley Railway Co.* 216 Ill. 392,) and is also entitled to have the jury consider such use in fixing the damages to land not taken. The use, however, which may be considered by the jury must be such as affects the present market value of the land, and not such as may affect its future market value alone. The instructions last above mentioned were both erroneous and misleading, as they lacked a statement to the effect that the only future uses which could be considered were those to which the land is at present adapted and which affect the present market value of the land.

Other criticisms of respondents' instructions are without merit.

The judgment of the county court will be reversed and the cause remanded.                    *Reversed and remanded.*