THE ST. LOUIS AND ILLINOIS BELT RAILWAY, Appellant, *vs.* FRED J. BARNSBACK, Appellee.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

1. EMINENT DOMAIN—*improbable consequences should not be considered by the jury.* In assessing damages to land not actually taken, the jury should not be allowed to consider improbable and irrelevant matters which could not be reasonably supposed to affect the market value of the land.

2. SAME—*when $10 per acre damages is excessive.* An award of $10 per acre damages for taking a strip of land off one side of a 160-acre farm for a railroad right of way is excessive, where the farm is not divided by the right of way, the nearest buildings are some eleven hundred feet from the right of way, and it is not shown there are any orchards or other things that may be damaged by fire, smoke, cinders or ashes, which the jury are told by an instruction to consider as elements of damage.

3. SAME—*basis of opinion as to damage affects the evidentiary value of the opinion.* The evidentiary value of an opinion of a witness that a given amount of damage will result to land from the construction and operation of a railroad is minimized, where it appears such opinion is based upon matters so remote or improbable that no reasonable person would take them into account in determining the price he would pay for the land if he desired to buy it.

4. SAME—*when instruction relating to damages from fire, cinders, etc., is erroneous.* In a proceeding to condemn a railroad right of way through a farm, it is error to give an instruction allowing the jury to consider "any damages the evidence may show, if any, will be caused by the close proximity of the railroad to de-

fendant's property not taken, caused by the discharge of cinders, ashes and smoke upon the premises, and any real danger to the property from fire from engines," where the damages from such sources, under the facts of the case, are remote and conjectural.

DUNN and HAND, JJ., dissenting.

APPEAL from the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

FORMAN & WHITNEL, and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

SPRINGER & BUCKLEY, and C. H. BURTON, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a condemnation proceeding instituted by the St. Louis and Illinois Belt Railway Company to condemn a right of way across the farm of Fred J. Barnsback. The strip of land condemned is approximately one hundred and six feet wide and somewhat less than one-half mile in length, and comprises four and one-quarter acres. The railroad right of way enters the Barnsback land at the south-west corner and runs north parallel with the land line for about one-half mile, where the railroad curves to the west, leaving the Barnsback farm. The jury assessed the damages for the land taken at $701.25 and the damages to the premises not taken at $1570, making a total of $2271.25. A motion for a new trial was overruled and judgment rendered on the verdict. The railroad company brings the record to this court by .appeal, and assigns as error that the damages are excessive, and that the court erred in admitting improper evidence and in giving instructions to the jury.

Appellee's farm consists of 161¼ acres, all of which appears to be in cultivation and improved with ordinary farm buildings. The evidence shows that the land is worth from $150 to $175 per acre. The jury awarded appellee

damages at the rate of $165 per acre for the four and one-quarter acres condemned for right of way. The finding of the jury upon this point is fair and reasonable under the evidence. The damages awarded to the land not taken are excessive. The right of way proposed to be taken is along the western boundary. line of appellee's land. The proposed line of railroad does not separate appellee's farm into two parts. The building and operation of the railroad upon the proposed line will not make it necessary for appellee to cross the railroad in order to cultivate his farm. The distance between the railroad and appellee's buildings at the nearest point is more than eleven hundred feet. There is no evidence that appellee maintains wooden fences or other property on the farm in such proximity to the road as to be in danger from fire. A number of witnesses who testified for appellant stated that there would be but little or no damage resulting to the lands not taken, while a larger number of witnesses testified for appellee that in their opinion the damages to the lands not taken would be from $10 to $25 per acre. The majority of appellee's witnesses stated no facts upon which they based their opinions as to these damages. Those who attempted to give a basis for their estimate, mentioned, among other things, damages from cinders, smoke, ashes, and the danger from fire. Adolph Hitz, who places the damages higher than any other witness, said that the danger from fire was the principal element upon which he rested his opinion. The witness Bordemeier based his estimate of $20 per acre upon the danger from fire, the liability of horses running away, inability to stack wheat or straw near the road, being deprived of the privilege of growing straw potatoes near the road, and the danger of breaking machinery in crossing the track. The witness Yates based his opinion of $18 per acre upon substantially the same grounds as Bordemeier. The witness Stulken estimated the damage to the land not taken at $15 per acre on account of the loss of the highway, danger from

fire, the making of a field road, and the necessity of hiring a man instead of a boy, so that he could hold the horses and prevent their running away. Such, in substance, are the considerations upon which the witnesses based their opinions.

The ascertainment of damages to be awarded in condemnation proceedings necessarily must rest almost entirely upon opinions. Any competent witness who is acquainted with the premises involved and has knowledge of the market price of such land is qualified to give his opinion. The weight to be given to such testimony depends, in a great degree, upon the knowledge of the witness and the facts upon which his testimony is based. (3 Elliott on Railroads, sec. 1037.) Where a witness states that a given amount of damage will result from the building and operation of the road, and it appears that such opinion is based upon mere conjecture as to remote possibilities, which are so improbable that no reasonable person would take them into account in determining the price that he would be willing to pay for the land if he wanted to buy it, these facts tend to destroy the evidentiary value of the opinion. Keeping in view that the measure of damages is the depreciation in the fair market value of the premises not taken, by reason of the construction and operation of the road, the trial court, in the exercise of a sound judicial discretion, should exclude from the consideration of the jury all improbable and irrelevant considerations which could not reasonably be supposed to affect the fair market value of the premises. No hard and fast rule can be laid down applicable to all cases, since whether a given circumstance will or will not affect the market value of the premises is a question resting in opinion. In the case at bar the jury have apparently given undue weight to the testimony of appellee's witnesses in respect to future damages from causes which are so remote and improbable as to be entitled to little or no weight whatever. The danger to be apprehended from fire to the ap-

pellee's buildings, also damages from cinders, smoke and ashes, must be regarded as highly speculative. It is scarcely within the range of possibilities that sparks from passing engines could set fire to buildings over eleven hundred feet from the track, or that any annoyance or inconvenience would result from the discharge of cinders, ashes and smoke at this distance from the railroad. These elements of damages must therefore be restricted to their possible effect upon the appellee's premises other than his buildings. The evidence does not show that the appellee has any orchards, wooden fences, or other property liable to be damaged by fire, in such close proximity to the proposed line of road as to make the danger from that element of any appreciable consequence. Appellee's land where the line of railroad runs is comparatively level, therefore no extensive cuts or fills will be necessary. The road-bed is practically on the surface over the entire length of appellee's land. The road does not separate appellee's farm into two parts. It will not be necessary for appellee to cross the railroad in order to get to any part of his farm. The shape of his fields is not materially changed or their cultivation interfered with. The principal element of damage that appellee will sustain is being deprived of the use of the road on the western boundary of his farm in going to and from the south part of his farm. This, however, can be overcome, as suggested by some of the witnesses, by making a road inside of the right of way and erecting gates at the cross-fences, instead of maintaining them, as heretofore, in the outside fences along the highway. This, at most, could amount to no more than the value of the land appropriated for road purposes, together with a reasonable estimate for the inconvenience of opening and closing an additional number of gates. In our opinion the damages awarded by the jury to the land not taken are excessive.

The court, at the instance of appellee, gave the jury the following instruction:

"The jury is further instructed that in arriving at the damages, if any, to be awarded for land not taken, they may take into consideration any damages the evidence may show, if any, will be caused by the close proximity of the railroad to defendant's property not taken, by the discharge of cinders, ashes and smoke upon the premises, and any real danger to the property from fire from engines."

Under the evidence in this case we think that this instruction was liable to mislead the jury. If the jury understood from this instruction that they were to estimate the danger from cinders, ashes, smoke and fire to the appellee's buildings, it was clearly improper to so apply it. In view of the amount of damages awarded, we think the instruction must have been so understood by the jury. As already pointed out, the danger to be apprehended from these elements to the buildings upon the premises is too remote and conjectural to be considered in the estimation of appellee's damages. We, however, rest our judgment of reversal mainly upon the ground that the damages are excessive.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DUNN and HAND, JJ., dissenting:

We do not concur in the criticism of the instruction contained in the foregoing opinion. The danger arising from the proximity of the railroad and from fire from the engines, and the discharge of cinders, ashes and smoke, was proper for the consideration of the jury as affecting the fair cash market value of the land not taken. The jury were fully instructed that the actual depreciation in the fair cash market value of the premises covered all the damages that could be allowed on account of the land not taken. There is nothing in the instruction which could have led the jury to suppose that they could allow to the appellee any damages other than the depreciation in the fair cash market value of the premises.