THE ST. LOUIS AND ILLINOIS BELT RAILWAY, Appellant, *vs.* FRANK GUSWELLE, Appellee.

*Opinion filed October 26, 1908.*

1. EMINENT DOMAIN—*instruction should limit elements of damage to their effect upon market value.* Instructions in a condemnation case should limit the consideration of elements of damage, such as the discharge of smoke, cinders and ashes, the danger from fire and from leaving the right of way unfenced for a certain period, to the effect such elements have upon the market value of the land not taken.

2. SAME—*rule as to admitting evidence of recent sales.* Evidence of actual recent sales of property in the vicinity of that condemned is admissible upon the question of the value of the land taken, but the question of the degree of similarity between the properties and of the nearness in point of time and distance necessary to render such evidence admissible in a particular case must be determined largely by the trial court.

3. APPEALS AND ERRORS—*when error in instruction in failing to confine elements of damage to market value will not reverse.* Error in an instruction in failing to confine the consideration of certain elements of damage to the effect they have upon the market value of the land not taken will not reverse, where other instructions contain such limitation, the jury viewed the premises and the verdict is well within the range of the evidence.

SCOTT, J., dissenting.

APPEAL from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

FORMAN & WHITNEL, and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

SPRINGER & BUCKLEY, and C. H. BURTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a proceeding in the county court of Madison county brought by appellant to condemn a right of way across the farm of 98 acres owned by appellee. A cross-petition was filed, claiming damages to the land not taken. The strip sought to be condemned contained 5.72 acres. The jury by its verdict fixed the value of the land at $592, or $103.50 an acre, and damages to the land not taken at $1362, or $14.75 an acre.

The main line sought to be condemned by appellant runs across the farm of appellee from north to south, leaving about twenty acres of the farm, mostly timber, on the west side of the proposed railroad. In addition to the main line appellant seeks to condemn a right of way for a connection between its main line and a railroad which already runs in a north-easterly direction across the farm. This

connection with the main line runs north-east to the other railroad, thus cutting off from the rest of the farm, by the three lines of railroad, a triangular tract containing a little less than three acres. By stipulation appellant agreed to provide crossings for stock under the main track and the switch connection, in order to afford access between the farm buildings on the east side of the tracks and said triangular piece, and also the land west of the main line. The land on this farm is rolling, and in building the proposed line of railroad there are deep cuts and high fills to be made. The jury, under the direction of the court, viewed the premises. Witnesses for appellant placed the value of the land taken at from $60 to $75 per acre and that not taken from nothing to $165, while those for appellee fixed the value of the land taken at from $125 to $135 per acre and the damages to that not taken from $1800 to $2200. The land is improved with the usual farm buildings.

The contention is made that the court erred in instructing the jury, in that instructions 6 and 8 permitted the jury to take into consideration the discharge of cinders, ashes and smoke upon the premises, and any real danger of fire from the engines, as elements of damage. Instruction 8 also omitted to state that such damages, if any, should only be allowed to the extent that they depreciated the fair cash market value of the land not taken. Instruction 6, as well as other instructions in the series, set forth this requirement. Complaint is also made of instruction 10. This told the jury that the railroad company was not required to fence its right of way until sixty days after the road was opened (this being under a stipulation) and that any damage to the property of defendant on this account could be considered by the jury. The instruction did not limit that element of damage to its effect upon the market value of the farm. We have held that while the elements referred to may be taken into consideration by the jury in determining the damages, such elements of damage must

be confined to their effect upon the market value of the land not taken, and that if they do not affect such market value they cannot be properly considered by the jury. (*Chicago and Alton Railway Co.* v. *Staley,* 221 Ill. 405; *Chicago Southern Railway Co.* v. *Nolin,* 221 id. 367.) There was evidence in this record as to the effect of smoke and cinders on the property immediately adjoining the proposed right of way, and as instruction 6 properly limited the effect of this evidence to the market value there was no error in giving it. Instructions 8 and 10, however, did not so limit the damages, and they are therefore in this particular erroneous. Instruction 8 in this cause appears to be identical in wording with the instruction that was criticised by this court in *St. Louis and Illinois Belt Railway* v. *Barnsback,* 234 Ill. 344. While we there stated that the instruction was wrong, we reversed that case because we were of the opinion that the damages were excessive and that the instruction might have misled the jury. In *Chicago and Alton Railroad Co.* v. *Scott,* 225 Ill. 352, cited and relied on by appellant, it was also evident that the verdict was excessive.

The jury in this case viewed the premises and fixed the value of the land taken and the damages to that not taken well within the range of the testimony. From the situation of the farm and the manner in which it was cut up,—the main line and the connecting switch cutting into three tracts what was previously only one,—we do not consider the verdict excessive. Manifestly, from the situation of this land, if the main line and switch of this railroad cross it in the manner proposed, the remainder of the farm will be materially and permanently damaged. While instructions 8 and 10 were erroneous in the particulars suggested, we think that when all of the instructions given are considered as a series, the failure to limit those elements of damage to the market value of the land did not mislead the jury. (*Pardridge* v. *Cutler,* 168 Ill. 504; *Toluca, Mar-*

*quette and Northern Railway Co.* v. *Haws,* 194 id. 92.)
Taking the series of instructions together, the jury were
.fully and fairly instructed on all the points. We cannot
say that this verdict is the result of passion or prejudice.

. Appellant also urges that the ruling of the court in re-
fusing to admit certain evidence as to the value of the land
was erroneous. When the defendant rested his case, appel-
lant, in rebuttal, offered to prove the price at which lands
had sold in the neighborhood some three years before the
filing of the petition herein, and also. offered testimony as
to sales six years before. It is held in this State that
"actual sales of property in the vicinity near the time are
competent evidence, as far as they go," to establish the
.value of the land taken. (*Culbertson & Blair Provision Co.*
v. *City of Chicago,* 111 Ill. 651; *Elmore* v. *Johnson,* 143 id.
513; *Peoria Gas Light and Coke Co.* v. *Peoria Terminal
Railway Co.* 146 id. 372.) No positive rule can be laid
down as to the degree of similarity or the nearness of time
and distance required to make such sales competent as evi-
dence. These are matters that must rest largely within the
discretion of the trial judge. (2 Lewis on Eminent Do-
main,—2d ed.—sec. 443.) In *Green* v. *City of Fall River,*
113 Mass. 262, a sale made within one year of the taking,
in the town of Fall River, Massachusetts, was held properly
rejected as too remote. We do not think the trial court
committed reversible error in holding that the testimony in
question was too remote and refusing its admission. .

The judgment of the county court will be affirmed.

*Judgment affirmed.*


Mr. Justice Scott, dissenting: I think this judgment
should be reversed upon the authority of *St. Louis and Illi-
nois Belt Railway Co.* v. *Barnsback,* 234 Ill. 344.