## (July 15, 1968)

WALTER LINDECKE, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 44555.) — GABRIELLI, J. Cross appeals from a judgment in favor of claimant for the total appropriation of his land, entered May 31, 1967 upon a decision of the Court of Claims. Claimant's land, being used for a gasoline service station on and adjacent to Route 23, was appropriated for a new Route 23 for an access highway to the Catskill Thruway Interchange. The State contends that the award was based on an erroneous land value in that the court admitted evidence by claimant's experts as to comparable sales which the State claims were themselves enhanced by the public improvement for which claimant's property was taken and, therefore, that these sales were not true comparables and entitled to no weight. No objection has been made, however, that these sales were either too far removed in point of time or location nor is there any claim they were not characterisically comparable. In advancing its contention the State relies on *Latham Holding Co.* v. *State of New York* (16 N Y 2d 41), which disavowed the theory adopted by the trial court in that case in which the claimant's experts had *averaged* "the per front foot sales prices of a number of other parcels of land along the highway on which it fronted" (p. 45) in order to establish land value. The court additionally held (p. 47) that some of the comparables used in that case were sales which took place *after* the appropriation of Latham's property and the court then added "that the benefit from the improvement as originally contemplated may not be taken into account in fixing the value of the subject parcel". Upon the facts in the present case, we are unable to agree with the State's argument. We are concerned only with the value of the land taken on the date of its appropriation which upon this record could properly be based on the testimony as to the comparable sales offered by claimant's experts. Here, unlike *Latham* (*supra*), there is no evidence that the comparable sales objected to took place after the appropriation on September 18, 1964. One of the sales took place during the same year of the appropriation and the other the year before. While there was testimony that the opening of the nearby Thruway several years earlier had enhanced land values generally in the area, it further showed that land values had not increased because of the imminence of or the presence of the new Route 23. Neither was there any testimony that the prices of the comparable sales were enhanced by the anticipated improvement of this new route. Absent also was any evidence of a commitment to take or any certainty of "the likelihood of the taking" of claimant's property, present in *United States* v. *Miller* (317 U. S. 369) or as in *Fitzgerald* v. *State of New York* (9 A D 2d 486). There certainly was no assurance the new highway would have been located as constructed at the time of the other sales. The appropriation being made under section 30 of the Highway Law, the property description and map could have been altered or modified up until the time the appropriation became completed by filing with the County Clerk. Although claimant has asked that the award be increased, he has not demonstrated any basis for such a result nor is there any support therefor in the record. Judgment affirmed,

with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.