The MARYVILLE HOUSING AUTHORITY

v.

B. P. RAMSEY and wife, Bonnie Kate Davis Ramsey.

Court of Appeals of Tennessee, Eastern Section.

Feb. 18, 1972.

Certiorari Denied by Supreme Court Aug. 21, 1972.

Roy D. Crawford and John C. Crawford, Jr., of Crawford & Crawford, Maryville, for appellant.

Rom L. Meares and Perry P. Paine, Jr., Maryville, for appellees.

## OPINION

SANDERS, Judge.

The primary question raised on this appeal is whether or not it was error for the trial court, in a condemnation suit, over objection of counsel, to permit a witness to testify as to the purchase price paid for an adjoining lot 12½ years prior to the taking on the theory that it constituted a comparable sale.

The parties will be referred to as Petitioner, Maryville Housing Authority, and Defendants, B. P. Ramsey and wife, Bonnie Kate Davis Ramsey, as they appeared in the trial court.

The Petitioner filed its suit in the Circuit Court of Blount County to condemn the property of the Defendants for use in an urban renewal project for the City of Maryville. No question was raised as to the right to take. The only question for determination was the value of the land taken.

The case was tried before a jury with The Honorable Willard Kittrell, Jr., Circuit Judge, presiding.

The land taken is a vacant lot in the City of Maryville, which faces 66 feet on the southeasterly side of Church Street and runs back between parallel lines 165 feet. B. P. Ramsey, one of the owners, testified he considered the property to be worth $25,000.00 and Mr. Brown, an expert witness for the property owners, fixed the value at $23,600.00.

The two witnesses as to value for the Petitioner fixed the value at $2,725.00 and $1,800.00 respectively.

The jury award was $12,500.00.

Petitioner's motion for a new trial was overruled and it has appealed to this court and assigned error.

Petitioner's assignments of error are:

1. The verdict of the jury was excessive.

2. The verdict of the jury was so excessive as to indicate passion, prejudice, mistake or unaccountable caprice on the part of the jury.

3. The evidence preponderates against the verdict of the jury and in favor of the contentions of the Petitioner.

4. It was error for the Court to permit over the objections of Petitioner the introduction of proof, including the sales price thereof, relating to a purchase of real estate by J. Leon Teffeteller and others in December, 1956, or January, 1957, as a comparable sale.

■ Since Petitioner has not discussed its assignments 1, 2 and 3 in its brief, they are therefore deemed to have been waived under Court of Appeals Rule 13. Cohen v. Cook, 61 Tenn.App. ——, 462 S.W.2d 502 (1969).

■ Petitioner's assignment No. 3 could not be considered by this court for the further reason that we do not weigh the evidence. Leach v. Leach, 52 Tenn.App. 606, 376 S.W.2d 739 (1963).

Assignments 1, 2 and 3 are, accordingly, overruled.

Petitioner's fourth assignment relates to the testimony of Defendants' witness Brown who was called for the purpose of proving the value of the property taken. The witness testified that he used comparable sales in the community as a means of arriving at his value of the property taken; that one of the properties he considered as comparable was the sale of a lot adjacent to the one taken. Each of the lots faced 66 feet on Church Street, were the same size, the topography of the two lots was almost identical, and both were unimproved. The sale of the adjoining lot considered by Mr. Brown was from Luke Jackson to Leon Teffeteller and the deed was dated December, 1956.

When the witness was asked to give the purchase price involved in the sale, counsel for Petitioner objected on the grounds that this sale was made 12 or 13 years before the taking in this case and was too remote to be admissible.

The taking in this case was June 6, 1969, or 12 years and 6 months after the sale in question.

The Court overruled the objection, after which the witness testified that the sale price was $12,000.00.

The following is a pertinent part of the record:

"Q Alright now, this property that you say was almost identical that sold in 1957 from Mr. Jackson to Mr. Teffeteller, what did it sell for?

"Mr. John Crawford: If the Court please, we object because it is too remote. It was 12 years, or 13, before the property in question was condemned.

"Mr. Meares: This gentleman is an expert, Your Honor, and he says it is a comparable sale.

"The Court: Well, let the objection be overruled. It is remote in time, but you'll be permitted to cross examine.

"Q How much did it sell for in 1957?

"A Twelve Thousand Dollars."

There is a divergence of opinion among the courts of different states on the question of whether evidence as to sales of similar property is admissible as substantive proof of the value of a particular tract of land or interest in realty. Under the minority rule, known as the Pennsylvania Rule, evidence as to sales of similar property is inadmissible as substantive proof of the value of the realty in question. However, under the majority rule, known as the Massachusetts Rule, where the proper foundation has been laid, the value of land at a particular time may be proved by evidence of a voluntary sale of similar property in the vicinity made at or about the same time. 32 C.J.S. Evidence § 593(3).

The landmark case in Tennessee, in which the Court adopted the majority rule, is Railroad Co. v. Hunton, 114 Tenn. 609, 88 S.W. 182 (1905). In that case the Court said:

"The seventh assignment makes the point that the circuit judge erred in refusing to allow the petitioners to show the prices at which other lots in the neighborhood of the lot in question had been sold, within a reasonable time prior to the taking of the land involved in the present case by the petitioner, as a means of enabling the jury to place a proper estimate or valuation upon the land so involved.

"We think his honor committed error in this ruling.

"In Lewis on Eminent Domain it is said: 'The propriety of allowing proof of sales of similar property to that in question, made at or about the time of the taking, is almost universally approved by the authorities.' Vol. 2, section 443, p. 963.

". . . 'Many decisions—doubtless the greater weight of authority—hold that it is proper to consider the sales of similar property in the same neighborhood at about the same time.' Vol. 10 (2d Ed.) p. 1155."

For a sale to be considered a comparable sale under the rule in this State, the properties must not only be similar in nature and near the same location, but the time of the sale must have been *about the same time* as the taking. Railroad Co. v. Hunton, *supra;* Edgington v. K. C., M. & B. Railroad Co., 10 Tenn.App. 685 (1929); Lewisburg & N. Railroad Co. v. Hinds, 134 Tenn. 293, 183 S.W. 985 (1915); Memphis Housing Authority v. Ryan, 54 Tenn.App. 557, 393 S.W.2d 3 (1965).

■ No general rule can be laid down as to the degree of similarity and the nearness in respect to distance and time of sale which must exist between the property of which proof is offered and the property being taken. This must rest largely within the discretion of the trial court. However, in this State, "the discretion of the trial court is not unlimited in such matters, but will, in proper cases, be reviewed by the appellate court." Lewisburg & N. Railroad Co. v. Hinds, *supra*.

In the case of Memphis Housing Authority v. Ryan, *supra*, the Court said:

"It is admitted freely by counsel for both parties that the admission in an eminent domain case of comparable sales rests largely in the discretion of the trial Court, but that trial Courts will not have unlimited discretion in such matters, and in support of that statement they cite the case of Lewisburg & N. R. Co. v. Hinds, 134 Tenn. 293, 183 S.W. 985, which is a 1915 opinion approving that part of the Supreme Court in Union Railway Co. v. Hunton, 114 Tenn. 609, 88 S.W. 182, in which both of the Courts held:

" 'The propriety of allowing proof of sales of similar property to that in question, made at or about the time of the taking, is almost universally approved by the authorities.

" ' *   *   *
" ' . . . the discretion of the trial judge is not unlimited in such matters, but will, in proper cases, be reviewed by the appellate court.' "

We have been cited no cases in Tennessee or other jurisdictions, nor have we found any, where the court has had occasion to hold that a given sale was too remote to fall within the rule of "about the same time."

We do find, however, that our courts have held that when the trial court excluded evidence of a sale made three years before the taking as being too remote, this was not an abuse of his discretion. In the case of Polk v. City of Memphis, 15 Tenn. App. 73, 84 (1932), the Court said:

"The sale as to which witness proposed to testify was made about three years before. The proof shows that it has been the custom of the Circuit Judges of Shelby county for years, to limit the time within which sales can be proven to one year. In Green v. Fall River, 113 Mass. 262, sales even within a year were held too remote. Railroad [Co.] v. Hunton, 114 Tenn. 609, 88 S.W. 182, is cited in support of this assignment, but that case refers to sales made about the same time and it was within the discretion of the trial judge in the present case to say that three years before was not about the same time."

Also, in the case of Edington v. K. C., M. & B. Railroad Co., *supra*, the Court, in addressing itself to the proximity of the time of sale and the taking, said:

"We understand the rule to be that it is not competent to prove other sales of land made at a subsequent date if the time has been several months or several years after the condemnation. But it is competent to prove other sales made of similar property in the same vicinity at about the time this sale was made, or recently after the condemnation. . . . ."

■ To hold that testimony of a sale made 12½ years before the taking was admissible over objection would, in effect, be to strike down that portion of our rule on comparable sales that it must have been "about the same time." Likewise, it would change the rule in this State from that of the trial courts' "*not* having unlimited discretion" to their "*having* unlimited discretion" in these matters.

Also, when we compare the jury's verdict with the sale price of the property testified to by Mr. Brown and the values testified to by the expert witnesses, it would be difficult to say that the jury was not influenced by the objectionable testimony.

Plaintiff's fourth assignment of error is sustained, the judgment of the trial court is reversed, and the case remanded for a new trial.

Cost of this appeal is taxed to the Defendants.

COOPER, P. J. (E. S.), and PARROTT, J., concur.