**MEMPHIS HOUSING AUTHORITY,**
Appellant,

v.

**Lucille Burke NEWTON, Appellee.**

Court of Appeals of Tennessee,
Western Section.

April 18, 1972.

Certiorari Denied by Supreme Court
Sept. 5, 1972.

Melvin Fleischer, and Bernie Mullikin, Jr., Memphis, for appellant; Cochran, Carey, Fleischer & Mullikin, Memphis, of counsel.

Lucius E. Burch, Jr., and Joel H. Porter, Memphis, for appellee; Burch, Porter & Johnson, Memphis, of counsel.

MATHERNE, Judge.

The Memphis Housing Authority condemned the defendant's property as a part of the Beale Street Urban Renewal Project in Memphis, Tennessee. Two appraisers for the owner valued the property at $256,600.00 and $250,000.00; the condemner's appraisers valued the property at $115,000.00 and $100,000.00. The jury verdict was for $235,000.00.

On appeal the condemner insists the Trial Court erred in permitting evidence of three prior sales because those sales reflected enhanced values brought about by the Urban Renewal Project; the Court erred in rejecting one prior sale offered by the condemner; and the Court erred in the admission of certain evidence concerning amounts expended by a lessee on the subject property.

The three prior sales of other property admitted in evidence by the Trial Judge, and complained of by the condemner are: (1) The Y.W.C.A. property sale; (2) The B & G Investment property sale; and (3) The Vergos property sale. Each of these properties is located within the bounds of the urban renewal project but is not to be taken as a part of the project.

The urban renewal project for which the owner's property was taken was approved by the Memphis Housing Authority and the City of Memphis in August, 1968. The B & G Investment property sale was on February 17, 1966, about two and one-half years prior to the approval of the urban renewal project. The Vergos property sale was on June 30, 1966, over two years prior to the approval of the urban renewal project.

As a general rule, proof of sales of similar property made at about the same time of the taking is admissible on the issue of the value of the property taken. Union Railway Co. v. Hunton (1905) 114 Tenn. 609, 88 S.W. 182. No general rule can be laid down as to the degree of similarity and nearness in respect of time and distance which must exist in order to render the prior sale comparable and thus admissible; these are matters which rest largely within the discretion of the trial judge. Lewisburg & N. R. Co. v. Hinds (1915) 134 Tenn. 293, 183 S.W. 985; Memphis Housing Authority v. Ryan (1964) 54 Tenn.App. 557, 393 S.W.2d 3. Sales affected and influenced by the public project pursuant to which the property to

be valued is taken are inadmissible to prove the value of the property taken. State Department of Highways v. Jennings (1968) 58 Tenn.App. 594, 435 S.W.2d 481.

■ Under the record there is no evidence from which it could be inferred that the urban renewal project enhanced or diminished the value of the B & G Investment property or of the Vergos property so as to affect those sales. Any enhancement in value of these two properties, sold over two years prior to the approval of the urban renewal project, would, under the record of this lawsuit, be based on mere surmise and speculation. We hold the prior sales of the B & G Investment property and of the Vergos property were admissible on the issue of the value of the property being taken.

■ The Y.W.C.A. sale was on March 31, 1970, well after the approval of the urban renewal project, and after some work had begun toward the completion of the project. It is possible the Y.W.C.A. property was enhanced or depreciated in value because of the project, or it could have retained its prior value. The condemner offered no proof that the Y.W.C.A. property was enhanced in value because of the project. The condemner on appeal insists that the very object of an urban renewal project is to take a deteriorated non-productive area and to cause it to be rehabilitated and redeveloped to make it a productive area; it is argued that the end result in urban renewal activities is to have an area which is *per se* more valuable than as it existed prior to the establishment of the project. In short, the condemner requests the Court to take judicial knowledge that the Y.W.C.A. property was enhanced in value because of the urban renewal project. We cannot so rule.

We note in the case of State Department of Highways v. Jennings, supra, the witness who offered to testify about the prior sale stated that the improvement (Interstate Highway) did result in a conversion of the property sold from residential property to commercial property, and did thereby increase its value, which increase in value was reflected in the price received therefor. Under those circumstances that testimony was properly rejected.

■ In the absence of evidence, we cannot say that values are necessarily greater after the approval of a public project, nor that an increase in values, if such exists, was the result of the project; not every public project increases the value of surrounding property. See and compare: Tremblay v. State Highway Commissioner of Virginia (1971) 212 Va. 166, 183 S.E.2d 141; Socony Vacuum Oil Co. v. State of Iowa (Iowa 1969) 170 N.W.2d 378; Lindecke v. State of New York (1968) 30 A. D.2d 891, 291 N.Y.S.2d 836; State of Hawaii by Kobayashi v. Heirs of Kapahi (1964) 48 Haw. 101, 395 P.2d 932; Redfield v. Iowa State Highway Comm. (1961) 252 Iowa 1256, 110 N.W.2d 397; Housing Authority of City of Dallas v. Hubbard (Tex.Civ.App.1954) 274 S.W.2d 165. The burden was on the condemner to show that resulting enhancement of value was considered and affected the otherwise comparable sale. Socony Vacuum Oil Co. v. State of Iowa, supra. If the Y.W.C.A. property was so obviously enhanced in value as insisted upon by the condemner, it should have been relatively simple to have proved the fact.

■ Complaint is made of the admission into evidence of the Y.W.C.A. sale for the additional reason that a few feet off the northern end of that property was to be taken for the urban renewal project. The condemner insists this fact renders the sale inadmissible. The question of whether a prior sale is comparable addresses itself to the discretion of the trial judge; the weight to be given such a sale is for the jury. The object of evidence of prior sales is to ascertain the general market value, and if particular sales are made under exceptional circumstances, that fact can be shown, and the jury can determine

its probative force. Union Railway Co. v. Hunton, supra. The fact a few feet of the northern end of the Y.W.C.A. property was to be taken was made known to the jury; there was no evidence that this fact influenced the prior sale; and, there is no showing but that the prior sale was an arms length transaction. Under these circumstances, we cannot say the Trial Judge abused his discretion by admitting the sale into evidence.

■ The condemner offered to prove by its expert witness the sale of property at 219 Linden in February, 1968. This parcel was included in the project and was to be taken as a part of the project. The Trial Judge sustained the landowner's objection to the admissibility of this sale. The basis of the objection was that the sale was made under the cloud of pending condemnation. The condemner did not preserve for the record the sale price, nor any evidence as to similarity or comparability of the property sold. Under the circumstances, we cannot hold the Trial Judge abused his discretion in disallowing the proof of that sale.

■ The proof establishes the premises condemned were rented on long term lease at a rental figure which might appear low. The landowner, over the objection of the condemner, was allowed to explain this by showing the cost of extended improvements made to the premises by the lessee during the past several years. The landowner insists the true rental received could not be accurately shown unless these improvements made by the lessee were considered. The proof thus adduced establishes the expenditures made by the lessee were compatible with the business it conducted in the leased premises; the expenditures were not inflated, nor do the expenditures reflect an excessiveness beyond the utility of the leasehold for the purposes to which it was employed. Under the circumstances of an abundance of other material evidence which justifies the verdict as rendered, we hold any error in the admission of this testimony on the cost of improvement as made by the lessee is harmless, because that evidence did not affirmatively affect the outcome of the trial. T. C.A. §§ 27–116, 27–117; Lebanon & Nashville Turnpike Co. v. Creveling (1929) 159 Tenn. 147, 17 S.W.2d 22.

It results all assignments of error are overruled and the judgment of the trial court is affirmed. The cost of this appeal is adjudged against the Memphis Housing Authority.

CARNEY, P. J., and NEARN, J., concur.