**SHELBY COUNTY, Tennessee, Plaintiff-Appellant,**

v.

**Robert Lee STALLCUP and wife, Dorothy June Stallcup et al., Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

Nov. 19, 1979.

Certiorari Denied by Supreme Court Feb. 19, 1980.

George T. Lewis, Jr., County Attorney, Britton Lamb, Asst. County Atty., Memphis, for plaintiff-appellant, Shelby County, Tenn.

Robert Y. Jarvis, Memphis, for defendants-appellees, Robert Lee Stallcup and wife, Dorothy June Stallcup.

EWELL, Judge.

This is an action of eminent domain brought by the County of Shelby to condemn 28,452 square feet or 0.653 acres of the defendants' 2.3 acre homeplace tract for the purpose of extending Yale Road in the City of Bartlett, Tennessee. The right of the County to condemn is not contested; the valuation of the land taken is the only disputed issue. The case was heard by the judge and jury and resulted in a verdict of $20,000.00 as the fair cash market value of the land taken. The County appealed as-

signing six errors and insisting that· the Trial Court be reversed and the cause remanded for a new trial.

■ In the first and second assignments the County charges that (1) there was no evidence to support the verdict and (2) that the verdict of the jury was contrary to the weight and preponderance of the evidence. A thorough review of the record discloses substantial material evidence to support the jury verdict. We are not at liberty to weigh the evidence or to decide where the preponderance lies. See *Crabtree Masonry Company v. C. & R. Construction, Inc.*, 575 S.W.2d 4 (Tenn.1978). Therefore, the first and second assignments are overruled.

■ In the fourth, fifth and sixth assignments the County complains of the failure of the Court to grant and include in the charge to the jury three special requests properly submitted to the Trial Judge. The special request cited in the fourth assignment is based upon T.C.A. 13–606 declaring it unlawful to convey land by reference to a subdivision plat not previously submitted to and approved by the Municipal Planning Commission and recorded in the office of the County Register. We find that this statute is only remotely relevant to the facts of this case, and it was not error for the Trial Court to refuse to charge the County's special request based thereon.

■ The fifth assignment relates to ·a special request based upon T.C.A. 13–608 declaring it unlawful for a building permit to be issued or a building to be erected with reference to any lot unless the street giving access thereto has been accepted and opened or otherwise has received the legal status of a public street. It is uncontroverted that the property taken in this proceeding is bounded along its entire west boundary by Sycamore View Road. There is no suggestion in the record that Sycamore View Road is other than a public street, and we find no error in the Court's failure to charge the jury as to the provisions of this statute.

The sixth assignment faults the Court in refusing to charge special request no. 3 as follows:

Gentlemen of the jury, the Petitioner requests me to charge you, and I do charge you, that you may not consider testimony based on the *prospective highest and best use*·of the Stallcup property, which, in this instance was shown to be for subdivision into lots for residential purposes.

■ With regard to the valuation of the property taken, the Trial Court charged the jury as follows:

The burden is upon the Defendant landowners to show by the greater weight or preponderance of the evidence the value of real property taken. In arriving at a fair cash market value, you will proceed upon the assumption that there is available an owner who is willing to sell, but not compelled to sell, and a purchaser who is willing to buy but not compelled to buy, each with full knowledge of the facts and dealing at an arm's length transaction.

In determining value, it is not a question merely of the value of the property to the owner or·the value of the property to the county in this condemnation or taking, nor by its needs for the particular property. If it possesses any advantage of location or availability, those characteristics belong to the owners and are to be considered in estimating its value.

It matters not the particular character with which the owner utilizes the property, or whether they use it in the least valuable of all the uses to which it is adaptable. All of its attributes must be taken into consideration in estimating the value of the land.

As a general rule, compensation to the owner is to be estimated by a reference to the use for which the property is suitable, having due regard for the particular situation existing in this case, the community, or that portion of the community in which it is situated. In considering what is the fair cash market value of the property on the 3rd day of December, 1976,

you'll take into consideration the value in view of the use of the property from the testimony you have heard from the stand. And you must not single out any single element related to the general value, and must analyze the proof as a whole.

You are further charged in ascertaining and determining the fair cash market value of the real estate in this proceeding, you may take into consideration the sales of real estate of like and similar character and location in the vicinity which are comparable to the real estate here involved. In determining the market value, everything which enhances or depreciates its worth must be taken into consideration. You're to take into consideration all of the available uses of the property, consider the existing wants and needs of the community and such as may be expected in the immediate future.

We find no error in the foregoing charge. The jury was instructed that all attributes of the property must be taken into consideration, cautioned not to single out any particular element related to the general value and directed to take into consideration all of the available uses of the property. Considering the broad scope of the general charge we find no error in the Court's refusal to grant this special request. We note that the County does not make an assignment of error directed to impropriety of the Trial Court in admitting any specific testimony or expert opinion of value based on "the prospective highest and best use" of the property. If the Trial Court committed no error in the admitting of such testimony, it could not have been error for the Trial Court to refuse to charge the jury as requested by the County.

For the reasons above stated, assignments four, five and six are overruled.

█ The most substantial issue on appeal arises from the landowners' witnesses' testimony as to comparable sales and is raised in the third assignment of error:

The defendants were permitted to introduce evidence, over objection, of the value of lots in developed subdivisions as comparable to the raw land in its natural state which the County was compelled to take for highway purposes, although not one step had been taken to subdivide their property by the defendants, nor is there any evidence that they will ever do so. This evidence is remote and speculative and not proper to be submitted to a jury.

The landowners' proof as to value was introduced through the testimony of three witnesses. Robert Stallcup, one of the owners of the property, testified that in his opinion the property taken had a value of $1.00 per square foot or $28,452.00. Edward A. Thoni, an expert witness, testified that in his opinion the value of the property was $18,500.00 on the date of taking. Jack R. Thompson, another expert witness, testified that in his opinion the property was worth $21,339.16 based on a value of $.75 per square foot. Both Thoni and Thompson supported their respective opinions by testifying as to prior sales of property which they considered to be comparable to the Stallcup property.

Mr. and Mrs. Stallcup purchased their 2.3 acre lot in 1969 and constructed their home on the extreme south portion thereof. The entire west boundary of the lot, between 500 feet and 600 feet in length, fronted on Sycamore View Road. At all relevant times the property was zoned R-1 or single family residential, and the zoning ordinance of the City of Bartlett provides that the minimum size lot for construction of a single family residence is 10,000 square feet with 80 foot frontage. The minimum area requirement dictates that a lot with the minimum frontage have a depth of no less than 125 feet. With the exception of the extreme northern portion, the Stallcup property had a depth in excess of 125 feet extending eastwardly from the east right-of-way line of Sycamore View Road. The expert witnesses testified that the size, shape and location of the Stallcup property was such as to render feasible the use of said property lying north of the homeplace for the construction of single family residences on minimum area lots; and they testified that before the subject property

was taken by Shelby County there was sufficient property for five such minimum area residential lots facing on Sycamore View Road. They further testified that the property owners retained sufficient property north of the homeplace after condemnation to have two such lots.

The proof showed that west of the Stallcup property on Sycamore View Road there is situated Bartlett Estates Subdivision, a development consisting of more than 400 minimum area (80 feet × 125 feet) residential lots, some of which face on the west side of Sycamore View Road directly across the street from the Stallcup property. Both Thoni and Thompson testified, over the objection of the attorney for Shelby County, concerning recent sales of lots in Bartlett Estates Subdivision considered comparable to the Stallcup property. Shelby County argued that such sales were not comparable because Stallcup had not undertaken to subdivide his property north of the homeplace into separate residential lots comparable to those located in Bartlett Estates Subdivision. Stallcup insisted that the sales were comparable despite the fact that no steps had been taken to subdivide since under the zoning ordinance of the City of Bartlett no formal subdivision of the property would have been required.

It was proven that the Stallcup property had available all utilities and that the only substantial difference in a lot out of the Stallcup property facing 80 feet on Sycamore View Road and a lot across the street in Bartlett Estates Subdivision would be the absence of curbs, gutters and sidewalks on the east side (Stallcup's side) of Sycamore View Road. Stallcup would not have been prohibited from selling off the property north of his homeplace in individual lots facing 80 feet on Sycamore View Road, and the purchaser of such a lot would have been permitted to build a single family residence thereon upon obtaining a building permit from the City of Bartlett. There was a clear conflict in the testimony as to the degree of difficulty which the purchaser might experience upon applying for a building permit.

The record reflects that at the beginning of the trial below there was a lengthy discussion between the Trial Judge and the attorneys for the respective parties as to the admissibility of the testimony of expert witnesses relating to prior sales of lots in Bartlett Estates Subdivision as allegedly comparable to the Stallcup property. After hearing argument of counsel in open court and researching legal authorities during recess, the Trial Judge declared this testimony admissible. We find and hold that in so doing he did not abuse his discretion.

 It is well settled in this State that admission of comparable sales in an eminent domain case rests largely in the discretion of the Trial Court. All the numerous factors that weigh upon the issue of admissibility of comparable sales are considered and passed upon by the Trial Judge, as a preliminary matter. *Layne v. Speight*, 529 S.W.2d 209 (Tenn.1975); *Lewisburg & N. R. Co. v. Hinds*, 134 Tenn. 293, 183 S.W. 985 (1916); *Memphis Housing Authority v. Ryan*, 54 Tenn.App. 557, 393 S.W.2d 3 (1965); *Maryville Housing Authority v. Ramsey*, 484 S.W.2d 73 (Tenn.App.1972); *Memphis Housing Authority v. Newton*, 484 S.W.2d 896 (Tenn.App.1972); *Memphis Housing Authority v. Peabody Garage Co.*, 505 S.W.2d 719 (Tenn.1974). Under the facts of this case we find that the proof of prior sales of lots in Bartlett Estates Subdivision was properly permitted to go to the jury and that it was the function of the jury to weigh the extent of comparability. See *Memphis Housing Authority v. Newton, supra.* We note that the Trial Court allowed both parties adequate opportunity to fully develop the similarities and dissimilarities of each sale and the cost of installing curbs, gutters and sidewalks. Therefore, the third assignment of error is overruled.

The Trial Court having committed no reversible error and there being material evidence to support the verdict of the jury, the judgment of the Trial Court is in all things affirmed. The appellant will pay the costs of appeal.

MATHERNE and NEARN, JJ., concur.