IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2002 Session

## CITY OF PIGEON FORGE v. WILLIAM LOVEDAY, et ux, MARILYN LOVEDAY, and HOME FEDERAL BANK OF TENNESSEE, and INVESTORS TRUST COMPANY, TRUSTEE

**Direct Appeal from the Circuit Court for Sevier County**
**No. 96-1397-II      Hon. Richard R. Vance, Circuit Judge**

**FILED FEBRUARY 19, 2003**

**No. E2002-00643-COA-R3-CV**

Landowner seeks a new trial in eminent domain case on grounds that the Trial Court admitted in evidence the price paid for the land 19 years earlier. We reverse the Trial Court's Judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Edward H. Hamilton, Sevierville, Tennessee, for Appellants.

James L. Gass, Sevierville, Tennessee, for Appellee.

**OPINION**

In this eminent domain proceeding, the Trial Court permitted in evidence the purchase price of the property by the owner, which had been acquired 19 years previously.

Landowners appeal, insisting the admission of this testimony is reversible error.

The trial in this case was conducted October 30 and 31, 2000 before a jury, to

determine the value of .547 acre of defendant's property taken by the plaintiff. Defendants had purchased the property in 1981 for $45,000.00, and improvements had been made to the property over the years. The property is now prime commercial property, and defendants sought by Motion in *Limine* to exclude inquiries regarding the price they had paid for the property in 1981, arguing that it was too remote in time to be considered by the jury. The Trial Court, in denying the Motion, observed:

> This jury can understand what you paid for property nineteen years ago anywhere in the United States has no relationship to what it's worth today anywhere. So that's just - that's just what he paid for it.

The Court held that the issue went to the weight of the testimony, not admissibility, and permitted counsel to argue weight and remoteness to the jury.

The admission of evidence is within the sound discretion of the Trial Court, reviewable for abuse of discretion. *Rothstein v. Orange Grove Center, Inc.*, 60 S.W.2d 807 (Tenn. 2001). We will not overturn evidentiary rulings unless the trial court applied an incorrect legal standard, based its decision on a clearly erroneous view of the evidence, or reached a decision against logic and reason that caused injustice to the complaining party. *Richardson v. Miller*, 44 S.W.3d 1, 21 (Tenn. Ct. App. 2000). More particularly, trial courts enjoy wide latitude to control the admission of valuation evidence in condemnation proceedings. *State v. Rascoe*, 178 S.W.2d 392 (Tenn. 1944); *Smith County v. Eatherly*, 820 S.W.2d 366, 369 (Tenn. Ct. App. 1991). *Also see, Forest Preserve Dist. of Cook County v. Folta*, 36 N.E.2d 264, 266 (Ill. 1941).

There is no bright line rule delineating at what point evidence is too remote to be admissible. Most jurisdictions hold the issue of remoteness in condemnation cases is left to the discretion of the trial court. *City of Tulsa v. Horwitz*, 267 P. 852 (Okla. 1928); *Thornton v. City of Birmingham,* 35 So.2d 545, 547 (Ala. 1948); *Hall v. City of West Des Moines*, 62 N.W.2d 734 (Iowa 1954).

This jurisdiction follows the majority rule. *Maryville Housing Auth. V. Ramsey*, 484 S.W.2d 73 (Tenn. 1972).

Appellants rely upon *Love v. Smith*, 566 S.W.2d 876 (Tenn. 1978), which affirmed a trial court's exclusion of evidence of the landowner's purchase price paid four years prior to the taking, on the grounds that the Trial Court did not abuse its discretion.

An older case supports the appellants' position on admissibility of this evidence. *See Nashville Interurban Railway Co. V. Seay*, 1 Higgins 134, 145 (Tenn. Civ. App. 1911). The Trial Court refused to allow questions about what the landowners had paid for land 4 or 5 years before the condemnation and said:

> We are of the opinion that the Circuit Judge was right in excluding this testimony.

-2-

It strikes us that it would have been highly prejudicial to allow plaintiff in error to introduce and comment upon the price given for this lot several years before, in view of the phenomenal increase in land values of the last few years. Besides, we are of the opinion that what the owner gives for a piece of property at private sale will not aid in ascertaining the value of the land appropriate under condemnation proceedings. The amount to be awarded this owner is the value of the land at the time of the taking, not the price he gave for it, whether high or low. . . .

At the hearing on the Post-trial Motion, the Trial Court acknowledged that in hindsight he probably should not have admitted the purchase price in evidence, and concluded that he though his error was harmless when viewed in the context of the whole trial.

The plaintiffs' expert appraiser placed a value of $246,550.00 on the land and the improvements together. The value the jury placed upon the land and improvements was $235,000.00. The value the jury placed upon the land and improvements was $11,550.00 less than the value placed upon it by plaintiffs' own expert witness. During closing argument, plaintiffs' attorney repeatedly stressed that defendants had paid $45,000.00 purchase price for the property. We find no evidence in the record to establish a reasonable value less than plaintiffs' expert placed on the property, other than the evidence of the original purchase price. We conclude that the admission of this evidence more probably than not affected the jury's verdict. *See* Tenn. R. App. P. 36(b).

For the foregoing reasons we reverse the Judgment of the Trial Court and remand for a new trial and assess the cost of the appeal to the City of Pigeon Forge.

_____
HERSCHEL PICKENS FRANKS, J.