GILBERT W. MESEROLE ET AL. *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 6, 1938—decided January 5, 1939.

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *Dennis P. O'Connor,* attorney general, for the appellant (defendant).

*Edward W. McPadden,* for the appellees (plaintiffs).

JENNINGS, J.   The application for a club permit by the plaintiffs was denied by the commission on the grounds that the place designated was not a club within the contemplation of the Liquor Control Act and that the club had not been in existence for three years.   The issues tried under the pleadings upon the appeal arose from the denial of the allegation that the action of the commission was unreasonable, arbitrary and unwarranted and, specifically, that the commission was in error in concluding that the club had not been in existence for three years.

The facts were found by a state referee and this finding is not attacked.   They may be summarized as follows:   About 1930 employees of the Sikorsky Aircraft Corporation of Stratford organized among themselves certain athletic teams.   In 1932 these were taken over by an organization of the employees calling itself the Sikorsky Employees Association and the name was later changed to the Sikorsky Club.   In September, 1936, this club incorporated under the name of the Sikorsky Club, Incorporated.   This group, however called, has always been composed of members who must be employees of the Sikorsky Aircraft Corpora-

tion.  Dues have been paid since 1933.  Books of account have been kept.  Income from sources other than dues have of late years amounted to considerable sums but the club is not organized for any commercial or business purpose, having for its object a money profit.  The club used various meeting places, including a fire house, a hangar and a hall.  Early in 1938 the club rented a large hall, suitable for its purposes, and fitted it up at a cost of over $2000.  On March 11, 1938, the club and Meserole, its president and proposed steward, applied for a club permit.  On March 22d an inspector of the commission visited the building for which a permit was sought but could make no inspection because it was being renovated and was in no condition to permit an inspection.  On April 5th the application was denied for the reasons stated.  On June 17th the matter was referred to a state referee.  On July 28th the referee filed his report, recommending judgment for the plaintiffs.

As stated above, the principal issue tried in the Superior Court was whether or not the action of the commission in denying the application was unreasonable, arbitrary and unwarranted.  *Gwiazda* v. *Bergin,* 121 Conn. 705, 707, 185 Atl. 416.  The facts recited are decisive of that question.  The application was made March 11th.  The attempted inspection of March 22d, eleven days after the filing of the application, disclosed a place obviously unsuited for a club permit.  Whatever its condition may have been when the case was tried before the referee, the action of the commission must be tested by its condition at the time of the hearing before the commission.  *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 525, 191 Atl. 98.  The recommendation of the referee in no way determined the issue before the court.  Id., 526.

The commission's conclusion was the only reasonable one upon the facts before it.

This issue is decisive of the appeal but the other assignments of error are briefly noted. These relate to the conclusion that the club had not been in existence for three years. This was based on two grounds, first, because it had not maintained permanent quarters for that period, and second, because its incorporation nineteen months before making the application changed its identity.

The decision of the first point depends upon the construction of § 1012c and § 611d, printed in a footnote.[1] These provisions disclose that a club permit may be granted only to a "club" and a "club" is then defined as an association "owning, hiring or leasing a building, or space in a building, of such extent and character as, in the judgment of the commission, may be suitable and adequate for the reasonable and comfortable use and accommodation of its members and their guests." The Sikorsky Club did not become a club within the definition of the statute until it had such quarters as are therein defined. The commission cannot be said to have acted unreasonably, arbitrarily and unwar-

[1] General Statutes, 1937 Supplement, Sec. 611d. CLUB PERMIT. A club permit shall allow the retail sale of alcoholic liquor to be consumed on the premises . . . but only by members or their guests; provided only a club which has been in existence as a bona fide organization for at least three years prior to making application for such permit may obtain a club permit.

Cumulative Supplement, 1935, Sec. 1012c. DEFINITIONS. For the interpretation of part I, unless the context indicates a different meaning: . . . (8) The word "club" means an association of persons, whether incorporated or unincorporated, for the promotion of some common object, not including associations organized for any commercial or business purpose the object of which is money profit, owning, hiring or leasing a building, or space in a building, of such extent and character as, in the judgment of the commission, may be suitable and adequate for the reasonable and comfortable use and accommodation of its members and their guests; . . .

rantedly in concluding that an association that for most of the three year period had been meeting occasionally in a fire house, a hangar and a hall had no such permanent abode as is required by the statute. The purpose of this legislation is to make possible the granting of permits to legitimate clubs which have had proper quarters for three years and to protect the state against a flood of applications from organizations which have no permanent standing and which are mere devices to obtain the right to sell liquor. It is to secure this result that the requirement for suitable club rooms was added to the time factor. If the Legislature desires to make any club eligible for a liquor permit as soon as it acquires suitable club rooms, it can easily accomplish that result. While the Sikorsky Club appears to be a legitimate club as that term is ordinarily understood, it must qualify under the statutory definition.

The essential portion of Cumulative Supplement, 1935, § 1012c, as to whether the incorporation of the club so altered its identity as to start the running of the three year period from that date, is contained in the words "The word 'club' means an association of persons, whether incorporated or unincorporated, for the promotion of some common object," etc. In view of this definition and of the general purpose sought to be accomplished by the statute, the intention of the Legislature is plain. A change from an unincorporated to a corporate form is in no way material to the continuous existence of a club.

There is error and the case is remanded with direction to the Superior Court to dismiss the appeal to it from the liquor control commission.

In this opinion the other judges concurred.