MARY COHN v. CITY AND TOWN OF HARTFORD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued February 4—decided April 18, 1944.

*Morton E. Cole,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff).

*Frank A. Murphy,* assistant corporation counsel, with whom, on the brief, were *Joseph B. Griffin,* corporation counsel, and *Samuel H. Aron,* assistant corporation counsel, for the appellee (defendant).

DICKENSON, J. The plaintiff brought this action to the Superior Court, alleging that her real estate and buildings on South Main Street in Hartford were inequitably and unjustly assessed for the year 1939, that the defendant's assessors were guilty of malfeasance or misfeasance in failing to make a general revision of assessments, and that the assessment was manifestly excessive and could not have been arrived at without disregarding the statutory provisions for determining value. She asked for a judgment declaring the assessment inequitable and unjust and fixing the amount that should be allowed for depreciation and obsolescence on her buildings in future years, and also for a reduction of the assessment and an injunction enjoining the board of assessors from increasing the corrected assessment. A second count was added for the year 1940 containing similar allegations.

The defendant denied any illegal assessment. The matter, by stipulation, was referred to a state referee as a companion case to others also referred to him covering the years 1932 to 1938. The referee conducted hearings and found the "true and actual value" of the plaintiff's property for the years 1932 to 1940 inclusive, that the assessors had made some revision of valuation in 1939 and that a general revaluation was now being

made. The referee found that in every year the assessments exceeded the actual value of the property; the assessors valued the property in 1932 at $100,984, in 1933 and 1934 at $97,164, and in the other years at $98,164; the referee found that in 1932 the assessment exceeded the actual value of the property by $13,294, and in the other years by smaller sums varying from $3907 to $7698. His values were based upon the testimony of experts of both parties which in turn was based upon the cost of reproduction less allowance for depreciation and obsolescence, the referee finding that there was no satisfactory evidence as to value based on sales or capitalization of income. The plaintiff filed a remonstrance to the report and the defendant pleaded to the remonstrance. The trial court, however, accepted the report and directed judgment for the defendant, finding that the claim of the plaintiff that the assessments were manifestly excessive was untrue.

The plaintiff's contention is that the action is not based upon statutory grounds alone but is one at common law and in equity as well, and that therefore it was within the province of the court to fix reduced assessments. Our statutes provide a method by which an owner of property may directly call in question the valuation placed by assessors upon his property by an appeal to the board of relief, and from it to the courts. General Statutes, §§ 1193-1195; Cum. Sup. 1935, § 374c. These statutes limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes. The remedy given by the statute involved in this case (Cum. Sup. 1935, § 375c), which may be invoked up to the expiration of one year, not from the making of the assessment but from the time when the tax became

due, certainly could not have been intended as a remedy alternative to an appeal to the board of relief where the claim is merely that the property has been overassessed; it is rather to be regarded as a remedy to meet situations of a different character. In *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391, 392, 126 Atl. 1, it is pointed out that the statute created no new right, or even a new remedy except in form, but was "merely declaratory of existing legal and equitable rights." The right and remedy to which reference is made in that decision was one accorded a taxpayer where there was misfeasance or nonfeasance by the taxing authorities or the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part. 4 Cooley, Taxation (4th Ed.), § 1645. The mere fact that the assessors overvalued the property is not ground for relief, aside from the statutory remedies by appeal from the board of relief. *Stanley* v. *Supervisors of Albany,* 121 U. S. 535, 550, 7 Sup. Ct. 1234; *Maish* v. *Arizona,* 164 U. S. 599, 611, 17 Sup. Ct. 193; *People's Gas Light Co.* v. *Stuckart,* 286 Ill. 164, 174, 121 N. E. 629; *Salt Co.* v. *Ellsworth,* 82 Kan. 203, 205, 107 Pac. 640; *Iron Co.* v. *Township of Wakefield,* 186 Mich. 626, 632, 153 N. W. 14. Where the basis of the claim for relief is the illegal overvaluation of the property, recourse apart from such remedy could only be had to equity, because the only remedies which could be afforded are those obtainable in an equitable proceeding. *Johnson* v. *Wells Fargo & Co.,* 239 U. S. 234, 244, 36 Sup. Ct. 62; *Continental National Bank* v. *Naylor,* 54 Utah 49, 58, 71, 179 Pac. 67; *County of Los Angeles* v. *Ballerino,* 99 Cal. 593, 597; *Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9, 12, 58 N. E. 418. When § 375c of the Cumulative Supplement, 1935, states that relief will be accorded where the tax was laid on an assessment which, "under

all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property," it briefly defines the circumstances under which relief could be given in equity in the absence of the statute. As the statute was clearly intended to take the place of the remedy in equity based on an overvaluation of the property and as all the relief can be obtained under it which could be afforded by equity, it precludes a resort to equity generally in such a case as the one before us. *Rowe* v. *Hampton,* 75 N. H. 479, 480, 76 Atl. 250; see *Wilcox* v. *Madison,* 106 Conn. 223, 227, 137 Atl. 742.

The claim of the plaintiff that there is no proper basis in the evidence for the finding of values made by the referee is upon the main ground that her property had a market value indicated by sales of neighboring properties and that the referee was required to use this value as a basis of his finding. As to these sales, the referee found that the properties sold were so different in material respects as to render difficult comparison with the plaintiff's property. The properties must be "similarly located and of like character." *Campbell* v. *New Haven,* 101 Conn. 173, 185, 125 Atl. 650. It is largely a question of judicial discretion whether the requisite similarity of conditions has been established. *Chandler* v. *Jamaica Pond Aqueduct,* 122 Mass. 305; *St. Louis & Ill. Belt Ry.* v. *Guswelle,* 236 Ill. 214, 218; 86 N. E. 230; *Muccino* v. *B. & O. R. Co.,* 33 Ohio App. 102, 106. The other sales involved buildings as well as land. We may not say from an examination of the evidence that they furnished so certain a basis for market value that the referee abused his discretion in failing to base his finding upon them. See *Portland Silk Co.* v. *Middletown,* 125 Conn. 172, 175, 4 Atl. (2d) 422. He further found that there was no satisfactory

evidence upon which to base a valuation by capitalization of income. The only testimony supporting such a method of valuation was that of a son of the plaintiff to the effect that if he were buying the property he would consider that it should bring in an average gross income of at least 20 per cent of the value. The referee might well refuse to accept this evidence as a basis for capitalization of income. The referee based his estimate of value of the buildings on the testimony of real estate experts produced by both parties who arrived at their opinions upon the basis of cost of reproduction less allowance for depreciation and obsolescence, and found, as to the land, that there was no evidence of inconsistencies in the valuations placed by the assessors on properties in that vicinity. It may not be said that with the evidence before him the referee did not adopt a proper method to arrive at values. *Underwood Typewriter Co.* v. *Hartford,* 99 Conn. 329, 337, 122 Atl. 91. *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 188 Atl. 433; *Eitingon* v. *Stamford,* 130 Conn. 418, 419, 34 Atl. (2d) 879. A further contention is that the referee adopted the testimony of a real estate expert as to cost of reproduction who, on the evidence, was not qualified. The qualifications of this witness as a real estate expert were admitted by the plaintiff and no objection was made to his testimony as to replacement costs, although his qualifications as an expert as to these were not admitted. The referee might well have found him qualified in this respect.

As to the claim that the values found by the referee were not identical in amount with those testified to by the experts, such evidence is "to aid the trier to arrive at his own conclusion, which is to be reached by weighing those opinions in the light of all the circumstances in evidence bearing upon value, and his own general knowledge of the elements going to estab-

lish it." *Appeal of Cohen,* 117 Conn. 75, 85, 166 Atl. 747. "At best the process is one of approximation and judgment. . . ." *Bridgeport Brass Co.* v. *Drew,* 102 Conn. 206, 212, 128 Atl. 413.

Reference is made in the plaintiff's brief to judgments relating to other property of the plaintiff on the same tax lists as the property in this action, as indicating that the tax, as an entirety, was manifestly excessive. There was no such claim in the complaint and evidence concerning it was offered by the plaintiff in response to a claim by the defendant that the entire list and not a part of it must be considered. The plaintiff, having elected to separate her attacks upon the assessments on her various properties, is not in a position to complain that the judgment was based upon pleadings that related to but one property.

The plaintiff complains that the referee did not find whether or not the assessments were manifestly excessive and claims error in the refusal of the trial court to recommit the case for such a finding. A referee or committee should find the ultimate facts; Practice Book, § 169; and by "ultimate facts" is meant those ultimate conclusions of fact which will enter immediately into and be determining elements in the judgment of the court. Conn. App. Proc., § 80. The determination of these facts often requires the application to the subordinate facts of principles of law, but the conclusion reached may be none the less a finding of an ultimate fact. *Davis* v. *Margolis,* 107 Conn. 417, 420, 140 Atl. 823; *Gowdy* v. *Gowdy,* 120 Conn. 508, 510, 181 Atl. 462. Such findings of ultimate facts by a referee or committee are not necessarily conclusive but are reviewable, upon remonstrance to the report, to determine whether they are reasonable and proper in view of subordinate facts found and the applicable principles of law. Practice Book, § 172; *Skarzynski* v.

*Liquor Control Commission,* 122 Conn. 521, 526, 191 Atl. 98; *Meserole* v. *Liquor Control Commission,* 125 Conn. 104, 106, 3 Atl. (2d) 664. The referee in this case should have found whether or not the assessments were manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the value of properties, and the trial court should have recommitted the report for such a finding. This is the only respect in which we find error in the proceedings.

There is error in part; the judgment is set aside and the case is remanded to be recommitted to the referee solely for a finding whether or not, upon the basis of the subordinate facts in the report, the assessments were so manifestly excessive as to entitle the plaintiff to relief.

In this opinion the other judges concurred.