PAUL ALBARELLO ET AL. v. CITY OF DERBY ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 40420

Memorandum filed October 13, 1948.

*Joseph N. Perelmutter,* of Seymour, for the Plaintiffs.

*John J. O'Connell,* of Derby, for the Defendants.

FITZGERALD, J.   The plaintiffs, who are nine in number, are all residents and taxpayers of the defendant city of Derby, residing in the vicinity of New Haven Avenue therein.  The defendants, in addition to the city of Derby, are its mayor and collector of taxes.

Of recent date the defendant city caused a sewer extension to be constructed along New Haven Avenue.  On August 6, 1948, the municipal board of aldermen voted an assessment for benefits from the construction of this sewer and levied an assessment on properties of the plaintiffs having a frontage on New Haven Avenue.  The question here presented is whether a temporary injunction should issue enjoining the collection of the assessment and restraining the defendants from placing liens upon the respective properties of the plaintiffs.

The joint complaint, in brief, specifies that the assessment is contrary to law in that (a) the apportionment of benefits is without reference to other considerations;  (b) the assessment was paid for in a previous budget of the city;  (c) the assessment is discriminatory;  (d) there was absence of a public hearing as required by law;  (e) no benefits would attach to some of the properties because the sewer cannot be availed of due to topography of land, etc.

There is a serious question in the mind of the court as to whether the plaintiffs should have proceeded under the statute (Sup., 1941, § 165f, entitled "Remedy when property wrongfully assessed") rather than resorted to equity. See discussion in the recent cases of *Cohn* v. *Hartford,* 130 Conn. 699, particularly at 702 et seq., and *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 242. The pertinent statute under consideration in the *Cohn* case was § 375c of the 1935 Cumulative Supplement, predecessor to § 165f, which was considered in the *General Realty Improvement Co.* case. Both cases seem to stand for the proposition that this statute precludes a resort to equity when the question presented is one of claimed overvaluation in assessment.

Specifications (a), (c) and (e) of the complaint, enumerated above, are of the "overvaluation" variety. But (b) and (d) are of different hue. It is the latter which take this case out of the more prosaic pattern of cases of this character. The evidence offered by the plaintiffs on October 8 did not center on these latter phases.

The case of *Wilcox* v. *Madison,* 106 Conn. 223, contains an excellent discussion on the limitations of equity in an action for injunction to restrain the collection of a tax. It is there pointed out (p. 229) that such an injunction in this jurisdiction has been granted in only two cases—*Seeley* v. *Westport,* 47 Conn. 294; *New London* v. *Perkins,* 87 Conn. 229—with the observation that "in each . . . the facts were so exceptional as to take [them] out of the general rule."

The office of a temporary injunction is limited to preserving the status quo between the parties until their rights can be finally determined after a hearing on the merits. See *Olcott* v. *Pendleton,* 128 Conn. 292, 295; *Deming* v. *Bradstreet,* 85 Conn. 650, 659. Parenthetically, it may be said that the issuance of a temporary injunction is of no practical moment unless it is reasonably likely that a permanent injunction would result upon a final hearing.

The court rules that insofar as specifications (a), (c) and (e) are concerned a resort to the statutory remedy would have been required; but that specifications (b) and (d), if supported by at least a prima facie showing of proof, would entitle the plaintiffs to a temporary injunction until a final hearing on the merits.

As indicated, the hearing on October 8 did not penetrate sufficiently into these aspects. Counsel may have a further opportunity to be heard at 2 o'clock on Friday afternoon, October 22, before further action will be taken respecting the application on file.

In passing, it may be noted that the more usual statutory appeal sanctioned by § 374c of the 1935 Cumulative Supplement, amendatory of §1200 of the General Statutes, in no way involved in the light of the complaint and the subordinate allegations thereof. These plaintiffs have one of two recourses, namely, the statute herein considered (Sup., 1941, § 165f) or injunction, with the observation that injunction only lies in the event that a finding can be made that their situation is of an exceptional character warranting relief in equity.

November 4, 1948

### FINAL MEMORANDUM

Following the release of the preliminary memorandum on October 13, a further hearing was held October 22 for the limited purposes stated in that memorandum.

The court concludes that equity in the nature of injunctive relief should not intervene; that any rights the plaintiffs may have should be determined in a statutory action, and not otherwise.

Hence the application on file is required to be dismissed.