WA WA SOCIAL CLUB, INC., APPELLANT, v. DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1954—Decided June 9, 1954.

Befoie Judges JAYNE, STANTON and HALL.

*Mr. Samuel D. Bozza* argued the cause for the appellant.

*Mr. Samuel B. Helfand,* Deputy Attorney-General, argued the cause for the respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General, attorney for respondent).

The opinion of the court was delivered by
STANTON, J. S. C. (temporarily assigned). This is an appeal from an order of the respondent overruling the action of the Municipal Board of Alcoholic Beverage Control of the Township of North Bergen in issuing a club license to the appellant, and cancelling the said license.

The undisputed facts are: the appellant club has been in existence 35 years; during the last 15 years it has held two meetings monthly, alternating in each month between two taverns; in one the club met in the public barroom where tables and chairs were arranged for its members before the bar; its meetings there were open to the sight and hearing of other patrons; in the other they were held in a room adjoining the barroom and separated from it by an open archway; part of a shuffleboard extended into this room, a telephone was located there and access to a ladies' room was had through it; in each tavern the part of the premises used by the appellant for its meeting was, at all other times, devoted to the use of the members of the public who patronized the same; the appellant erected a club house and has occupied it continuously and exclusively since April or May 1953; it was granted a club license by the local board on July 10, 1953.

*N. J. S. A.* 33:1–12(5) provides in part as follows:

"Club licenses may be issued only to such  \*  \*  \*   organizations \*  \*  \*   which comply with all conditions which may be imposed by the Commissioner of Alcoholic Beverage Control by rules and regulations."

Pursuant to the statute Regulation No. 7 was promulgated and it contains the following pertinent rules:

"Rule 3. Except as provided in Rule 5, no license shall be issued to any club unless it shall have been in active operation in the State of New Jersey for at least three (3) years continuously immediately prior to the submission of its application for a license.

Rule 4. Except as provided herein or in Rule 5, no license shall be issued to any club unless it shall have been in exclusive possession and use of a clubhouse or club quarters for at least three (3) years continuously immediately prior to the submission of its application for a license. A *bona fide* club which has been in active operation in this State for the period of time required as aforesaid, but which has been deprived of continuous possession and use of its clubhouse or club quarters by reason of foreclosure, dispossess or other removal for a cause other than the violation of the laws of the State or of municipal ordinance shall not be prevented thereby from obtaining a club license upon presenting to the satisfaction of the issuing authority proof of said facts and proof that possession of suitable premises has been obtained."

The reasonableness of the aforesaid regulation is not challenged and the only question is whether the Director correctly applied the same to the facts.

The first contention of the appellant is that compliance with either Rule 3 or Rule 4 is sufficient to warrant the issuance of a license. If this were so it would be entitled to one because it has met all the requirements of Rule 3. However, it is obvious that an applicant must comply with the conditions of both. It may be said, in passing, that Rule 5 is not applicable here.

Its second contention is that it "was in active operation for the required time and the circumstances of possession constituted a removal other than violations when the owners of the tavern removed the club for use of the quarters following the meetings, which caused the appellant club to secure suitable quarters when they purchased land and erected their own clubhouse." This is not clear but it seems to imply that the appellant was deprived of the exclusive and continuous possession and use of its club quarters by reason of foreclosure, dispossess or other removal for a cause other than the violation of a law or an ordinance. There is no merit in this. The second sentence of Rule 4 applies only to an organization which not only has been in active operation in this State for at least three years continuously and immediately prior to the submission of the application, but also has actually had continuous and exclusive possession and use of a club house or club quarters which it lost by reason of foreclosure, dispossess or other removal for a cause other than the violation of a law or an ordinance.

It is plain that the use of part of each of the tavern premises once a month over a period of years is not the exclusive and continuous possession and use of club quarters required by the rules. It is clear that the intent of the regulation is to require that an applicant for a club license be not only an organization that has been in active operation in this State for a period of three years prior to the application, but one which has evidenced standing and stability by having had the exclusive use and possession of a club house

or club quarters for a like period. It is the design to grant licenses to legitimate organizations of more or less permanent standing and which are not mere devices to obtain the right to sell liquor. *Cf. Meserole v. Liquor Control Commission,* 125 *Conn.* 104, 3 *A.* 2d 664 (*Sup. Ct. Err.* 1939). The appellant appears to be a *bona fide* organization of long standing but unfortunately, from its viewpoint, has not had sufficient exclusive and continuous use and possession of a club house or club quarters to qualify it for a license. A good general rule sometimes appears to work a hardship in a particular case. This may be such a case. Even so, there is no way in which it may be excepted from the rule.

The order is affirmed.