[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT TIME FOR TAKING TAX APPEAL
The plaintiff appeals from the action of the Trumbull Board of Tax Review denying exemption status to plaintiff's property for assessment years 1982 and 1983. Specifically the plaintiff alleges that in June of 1982 it purchased certain property for constructing a church, and in September of 1982 it purchased additional property for constructing a parish house. Plaintiff alleges that it is aggrieved by the defendant's 1) inclusion of the church property on the 1982 Grand List of assessed taxable properties, and (2) inclusion of the parish house property on the Grand List of assessed taxable properties for 1982 and 1983 despite its claim for exemption on religious grounds, pursuant to C.G.S. 12-88. The plaintiff alleges that thereafter its appeal of the assessor's decision was denied by the defendant. The defendant admits that the properties were so assessed and that the applicant's claims for exemption for 1982 and 1983 were denied.
The defendant has filed a motion for summary judgment CT Page 2561 seeking judgment on the ground that this appeal is time barred, since the petition of appeal to the Board of Tax Review was brought in February of 1986 on the claimed wrongful assessments on the Grand Lists of 1982 and 1983. Accompanying the defendant's motion is an affidavit of the Tax Assessor of the Town of Trumbull which states in material part the following:
 The Town of Trumbull assessed a tax on both properties for the years stated. . . . Later, on or about February 4, 1986 the plaintiff appealed all of the above assessments to the Board of Tax Review of the Town of Trumbull. . . .
In its memorandum in support of its motion for summary judgment the defendant maintains that an owner of property may appeal a property assessment to the Board of Tax Review only at the Board's February meetings following the assessor's completion of the Grand List for the year immediately preceding the February meetings.
In its memorandum in opposition to summary judgment the plaintiff asserts that the Connecticut taxing statutes permit two avenues of appealing property assessments, viz: by appeal of the assessment to the board of tax review within two months of the assessment, pursuant to C.G.S. 12-111 and 12-118; or by direct action to the Superior Court ". . . within one year from the date as of which the property was last evaluated for purposes of taxation. . ., pursuant to C.G.S. 12-119." The plaintiff contends that since C.G.S. 12-111 does not contain a provision limiting the time for appealing a decision of the assessor to the Board of Tax Review, there is no limitation barring its 1986 appeal to said Board. The instant court action was filed within two months of the February 1986 action of the Board of Tax Review. The plaintiff claims that this action is timely.
The authorities relative to listing assessing, evaluating and exempting real property, as well as the appeals related to this case are set out in C.G.S. 12-109 [Listing and Valuation of Tax Exempt Property]; 12-110 [Sessions of Board of Tax Review]; 12-111 [Appeals to Board of Tax Review]; 12-112 [Limit of Time for Appeals]; 12-113 [When Board of Tax Review May Reduce Lists]; 12-118 [Appeals from Board of Tax Review]; and 12-119 [Remedy when Property Wrongfully Assessed].
The requirement that all property exempted from taxation CT Page 2562 be listed, valued and assessed annually by the municipal assessor is mandated by C.G.S. 12-109. C.G.S. 12-110
requires the Board of Tax Review of each municipality to meet in February. Although C.G.S. 12-111 permits an owner of property ". . . claiming to be aggrieved by the doings of the assessors. . . [to] appeals therefrom to the board of tax review. . .," and C.G.S. 12-112 states that "[n]o appeal from the doings of the assessors in any town. . . shall be heard or entertained by the board any town. . . shall be heard or entertained by the board of tax review unless preferred to it at one of its meetings during the month of February. . .," neither statute specifically states that the assessment appealed to said board is limited to the assessment which next preceded the meeting of the board. However, a review of Connecticut case law reveals this conclusion.
In accordance with Cohn v. Hartford, 130 Conn. 699
(1944), this court takes the view that
 [t]hese statutes limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes.
Id. at 702.
This court finds that this action is time barred for the reason that the appeal to the Board of Tax Review was not brought within two months of the original listing and assessment of the subject properties in 1982 and 1983. The court's opinion in this regard finds additional support in the case of Norwich v. Lebanon, 200 Conn. 697, 702
(1986).
Accordingly, the motion or summary judgment is granted.
CLARANCE J. JONES, JUDGE