[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are alleged in the second amended complaint. The plaintiffs, Haynes B. Johnson, Sarah M. Johnson, Michael B. Johnson and Paul A. Johnson, were on October 1, 1990, the owners of certain property located in Killingworth, Connecticut. The plaintiffs commenced this action pursuant to General Statutes Sec. 12-119, Sec. 12-40, Sec. 12-62a, and Sec. 12-55 by causing process to be served on Susan Adinolfo, the Town Clerk of the Town of Killingworth, and on Donna Shanoff, the Tax Assessor for the Town of Killingworth.
In count one, of the second amended complaint dated September 25, 1992, the plaintiffs allege that the defendants violated General Statutes Sec. 12-119 on the ground that the tax assessment was manifestly excessive and disregarded the valuation statutes. In count two the plaintiffs allege that the defendants violated General Statutes Sec. 12-62a and Sec.12-40 by basing the assessment on a subdivision map filed after October 1, 1990.
In count three the plaintiffs assert a violation of General Statutes Sec. 12-55(b) on the ground that the notice of the increase in assessment was sent out more than ten days after the January 31, 1991, grand list. In count four the plaintiffs allege that the notice provided failed to include the valuation prior to and after such increase with respect to each parcel of real property in violation of General Statutes Sec. 12-55(a). In count five the plaintiffs allege that the CT Page 186 defendants violated General Statutes Sec. 12-107d on the ground that the tax assessment computed disregarded certain forest land designations associated with the property. In count six the plaintiffs seek equitable, declaratory and injunctive relief related to the alleged improper assessment.
On October 13, 1992, the defendant, Town of Killingworth, filed a motion to strike counts two, three, four, five, and six of the plaintiffs' second amended complaint. Pursuant to Practice Book Sec. 152 the defendant filed a memorandum of law accompanying the motion to strike. The plaintiffs filed a memorandum of law in opposition dated November 18, 1992.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280, 281, 567 A.2d 1264 (1990). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36,522 A.2d 1235 (1987). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions in the pleadings." Id.
The plaintiffs argue that the defendant's motion to strike is defective on the ground that it fails to specify the reason or reasons why the counts addressed in the motion are insufficient. Therefore, the plaintiffs argue that the defendant's motion to strike should be denied.
"Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book Sec. 154. A motion to strike is fatally defective where it does not specify the grounds of insufficiency. Morris v. Hartford Courant Co.,200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986). Where a defendant does not "specify the distinct reasons for the claimed insufficiency of the plaintiffs' complaint in its motion, the motion . . . [is] . . . `fatally defective' under Practice Book Sec. 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum." Bouchard v. People's CT Page 187 Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). See King v. Board of Education, 195 Conn. 90, 95 n. 4, 486 A.2d 1111
(1985).
The defendant's motion to strike is fatally defective on the ground that it fails to specify the reasons for the claimed insufficiency of the plaintiffs' complaint. The defendant's motion to strike simply states that the plaintiffs have failed "to set for a claim for which legal relief can be granted." Because the defendant does not specify the distinct reasons for the claimed insufficiency the motion is fatally defective. The defendant's inclusion of such reasons in its supporting memorandum does not dispense with the requirement of Practice Book Sec. 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. Be that as it may, the court has considered the matter substantially.
I. Counts, Two, Three, Four and Five
The defendant argues that counts two through five should be stricken on the ground that such actions cannot be brought independently from General Statutes Sec. 12-118 or Sec. 12-119. The defendant argues that counts two through five, alleging violations of General Statutes Sec. 12-62a and Sec. 12-40, Sec. 12-55(b), Sec. 12-55(a) and Sec. 12-107d, cannot be set forth as independent causes of action; General Statutes Sec. 12-118 and Sec. 12-119 are the exclusive means of a tax appeal. The defendant contends that counts two through five, alleging violations of other portions of the taxing statutes, must be bought pursuant to either Sec.12-118 and Sec. 12-119. Therefore, the defendant asserts that because such actions may not be brought independently, counts two through five should be stricken.
The plaintiffs argue that counts two through five should not be stricken on the ground that they all allege at least one valid cause of action. The plaintiffs argue that because counts two through five incorporate count one, alleging a violation of General Statutes Sec. 12-119, they cannot be stricken on the ground that each count contains at least one valid cause of action. The plaintiffs argue that where each count sets forth more than one cause of action, a motion to strike addressed to the entire count fails if it does not reach all of the causes pleaded. Therefore, the plaintiffs argue that the motion to strike counts two through CT Page 188 five should be denied.
"If a count in a complaint purports to set out more than one cause of action, a demurrer addressed to the entire count fails it it does not reach all of the causes of action pleaded." Watchel v. Rosol, 159 Conn. 496, 499, 271 A.2d 84
(1970). The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." (Citations omitted.) Ferryman v. Groton, supra, 142.
General Statutes Sec. 12-119 provides in part:
 When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . ., may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated.
(Emphasis added.) General Statutes Sec. 12-119.
Counts two through five should not be stricken on the ground that each count incorporates count one which states a recognized cause of action pursuant to General Statutes Sec.12-119. Counts two through five, although repetitive in part, do set out different bases for seeking relief pursuant to General Statutes Sec. 12-119. An attempt to strike an entire count on a claim that it does not set out a cause of action must fail if parts or portions of the count do set out such a cause of action. The counts may differ by providing different statutes that were allegedly disregarded in the valuation process. General Statutes Sec. 12-119 provides for such an appeal when, under all the circumstances, the tax arrived at "was manifestly excessive and could not have been arrived at CT Page 189 except by disregarding the provisions of the statutes for determining the valuation of such property." That is what in effect is being claimed in counts two through five. The motion to strike counts two through five is denied.
II. Count Six
General Statutes Sec. 12-119 "was clearly intended to take the place of the remedy in equity based on the over-valuation of the property and as all the relief can be obtained under it which could be afforded by equity, it precludes a resort to equity generally . . ." Salter School v. City of New Britain, 6 CTLR 13, 361 (June 1, 1992, Byrne, J.), citing Norwich v. Lebanon, 200 Conn. 697, 706, 513 A.2d 77
(1986), see Cohn v. Hartford, 130 Conn. 699, 704, 37 A.2d 237
(1944). However, equitable relief would be available where legal relief is unavailable or inadequate. Id., 711, citing Laurel Park, Inc. v. Pac, 194 Conn. 677, 691, 457 A.2d 1272
(1984); see Bethany Housing Corporation v. Town of Cromwell,7 CSCR 737 (June 22, 1992, Austin, J.). An equitable action to enjoin the collection of a tax is available in extreme cases. St. Johns Housing Corporation v. Town of Cromwell, 6 CTLR 391, 392 (June 8, 1992, Austin, J.), citing L.G. DeFelice Son, Inc. v. Wethersfield, 167 Conn. 509, 512-13, 356 A.2d 144
(1975). "Although General Statutes Sec. 12-119 codifies the equitable rights of taxpayers . . . it is merely an additional procedural path and does not foreclose equitable relief." St. Johns, supra, 392 citing Connecticut Light Power Co. v. Oxford, 101 Conn. 383, 391, 126 A. 1 (1924).
In St. Johns the court, Austin, J., denied a motion to strike an equitable cause of action concerning a tax appeal. The court in St. Johns found that an allegation that the tax assessor failed to perform his duties as mandated by General Statutes Sec. 12-62 constituted an extreme case in which an equitable cause could be sustained. St. Johns, supra, 391, 392. Similarly, the court in Bethany Housing Corporation held that a tax assessor's failure to adhere to the mandates of General Statutes Sec. 12-62 also gave rise to an equitable cause of action. Bethany Housing Corporation, supra, 737-738.
The plaintiffs' cause of action pursuant to Sec.12-119 does not preclude the plaintiffs from asserting an action in equity to enjoin the collection of a tax in extreme cases. The plaintiffs have alleged in count six that they did CT Page 190 not receive notice of the October 1, 1990 list until on or after February 12, 1991 and that the assessor failed to follow the mandate of Conn. General Statutes Sec. 12-62. Such allegations are sufficient to give rise to an equitable cause of action in accordance with previous holdings in St. Johns and Bethany Housing Corporation. Therefore, the defendant's motion to strike count six is denied.
JOHN WALSH, J.