[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
A. Procedural Background
The plaintiff, Richard Zaccardo, commenced a small claims action against the defendants, the Town of Berlin and its Tax Collector, claiming improper assessments for three tax years; October 1, 1990, Supplemental Grand List; October 1, 1991, Grand List; and the October 1, 1992, Grand List, for his 1985 Dodge van. By motion granted August 2, 1994, the court transferred the CT Page 9950 case to the regular docket of the Superior Court. On August 31, 1994, the defendants filed their Motion to Dismiss based on lack of subject matter jurisdiction as plaintiff failed to exhaust his administrative remedies in a timely fashion under §§ 12-111,12-117a, and 12-119 of the Connecticut General Statutes. The defendants filed an accompanying memorandum of law and affidavit. The plaintiff filed no counter memorandum. See Practice Book § 143, as amended.
B. Legal Discussion
Subject matter jurisdiction is the power of the court to hear and determine cases of a general class to which the proceedings in question belong. Such jurisdiction relates to the court's competency to exercise power. Castro v. Viera, 207 Conn. 420
(1988). Subject matter jurisdiction is a question of law for the court to determine. Cahill v. Board of Education, 198 Conn. 229
(1985). Any claim of lack of subject matter jurisdiction can not be waived and may be raised at any time. See Practice Book § 145, as amended.
This case deals with the plaintiff's claim of over assessment in three separate tax years: 1990, 1991, and 1992. According to information provided by defendants, the plaintiff did not appeal his 1990 or 1992 assessments to the town's Board of Tax Review. Again, according to information provided by defendants, the plaintiff did appeal his 1991 assessment to the town's Board of Tax Review; it was denied on March 10, 1993 and plaintiff did not appeal that denial to the court. There is no other information available to the court which contradicts any of this information provided by the defendants.
Section 12-111 of the Conn. Gen. Stat. provides a taxpayer with a procedure to contest and/or question a tax assessment by direct appeal to the Board of Tax Review. Said hearings are held by the Board at least three times in February and once in September. Plaintiff never appealed his 1990 or 1992 assessment in February or September of the appropriate years. Consequently, as to those years, he has failed to exhaust his administrative remedies and is barred from bringing any action in this court for those years.
Plaintiff did appeal his 1991 assessment; it was denied March 10, 1992. Section 12-117a requires any appeal from such denial to be filed with the Superior Court within two months from the CT Page 9951 denial date. The only action plaintiff filed is this action which commenced June 30, 1994, well over two years after the appeal period would have run. Consequently, as to 1991, the plaintiff is barred from bringing any action in this court.
Finally, § 12-119 also provides a remedy in other extraordinary circumstances when property has been wrongfully assessed. Relief is available to the taxpayer by making application for such relief to the Superior Court for the judicial district in which the property is located within one year from the date on which the property was last evaluated for purposes of taxation. In the instant case, even if this remedy were available, the plaintiff did not timely pursue it. The plaintiff's last evaluation was in October of 1992. This action, as previously mentioned, was commenced on June 30, 1994, twenty-one months after that evaluation, and nine months past the statutory time period.
As the defendants correctly point out, all of the aforementioned statutes limit the time in which a taxpayer can seek relief to prevent protracted delays in a town's ultimate determination of the amounts a municipality can collect as taxes.Cohn v. Hartford, 130 Conn. 699, 702 (1944).
Accordingly, since the plaintiff did not exhaust his administrative remedies in a timely manner, defendants' motion to dismiss is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT