[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
CT Page 9604
In February 1995, the plaintiff, Chappaqua Realty Corporation, instituted this action against the defendants, Town of New Milford, Ronald Parks, Catherine Reynolds, and the Town of New Milford Board of Tax Review, who was added as a defendant pursuant to the plaintiff's motion to cite in. The six count amended complaint concerns a tax assessment of the plaintiff's real property in New Milford and seeks damages, equitable relief and appeals a decision of the defendant board. The defendants now move to dismiss the first five counts seeking monetary damages and equitable relief.
The amended complaint alleges that in September 1975 the plaintiff filed an application with the town to classify as farm land for tax assessment purposes 148 acres of the plaintiff's land in New Milford. At the time the application was made, this property was designated as two portions, one containing 60 acres, the other 88 acres. The town accepted the plaintiff's application and treated the land as farm land for purposes of tax assessment until 1991. The plaintiff alleges that in 1991 the defendant Parks, as the town's assessor, discovered, through the use of aerial surveys, a discrepancy in the acreage in the plaintiff's prior application. The discrepancy was that the portion of land reported as 60 acres of land actually contained 63.6 acres, while the second portion reported as 88 acres actually contained 85.82. The total new acreage discovered constituted 1.42 acres. Thereafter, the town began assessing the additional 3.6 acres as industrial land without consideration of both the previous designation of the property as farm land and the acreage reduction in the second portion of land. The town also seeks back taxes allegedly due for the newly discovered acreage. The plaintiff alleges that the defendant Parks wrongfully assessed the additional 3.6 acres as "industrial land." The plaintiff also alleges that the defendant Reynolds, as tax collector, wrongfully billed the plaintiff and wrongfully placed tax liens on the property.
The plaintiff directs the first five counts against the defendants Town of New Milford, Parks and Reynolds, and therein alleges claims for the wrongful assessment of property, slander of title, receiving a benefit by virtue of mutual mistake and unjust enrichment. The sixth count appeals the decision of the defendant board denying the plaintiff's application to correct an assessment error. In addition to monetary damages, the plaintiff also seeks a permanent injunction against the defendant town from collecting CT Page 9605 taxes as to the disputed 3.6 acres and an order of mandamus requiring the defendant town to include this acreage in past, present and future assessments.
The defendants now move to dismiss the first five counts on the grounds that this court does not have subject matter jurisdiction because the plaintiff failed to exhaust its administrative remedies. In support of their motion, the defendants filed a memorandum of law and the affidavit of the defendant Ronald Parks, the town's tax assessor. The plaintiff timely filed a memorandum in opposition, to which the defendants filed a reply memorandum.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss is the proper manner to raise issues of subject matter jurisdiction. Practice Book Sec. 143. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings belong." LeConche v. Elligers, 215 Conn. 701,709, 579 A.2d 1 (1990). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v.Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction over the matter." Simko v. Ervin, 234 Conn. 498, 503, ___ A.2d ___ (1995).
The defendants argue that counts one through five should be dismissed because this court lacks subject matter jurisdiction due to the plaintiff's failure to exhaust its administrative remedies. The defendants contend that the plaintiff has adequate remedies under General Statutes Sec. 12-111, but failed to timely pursue these remedies. Additionally, the defendants claim that this case is controlled by the Connecticut Supreme Court's decision inNorwich v. Lebanon, 200 Conn. 697, 513 A.2d 77 (1986). The plaintiff, however, claims that the jurisdictional issues raised by the defendants do not apply to the common law claims alleged in the first five counts. Instead, the plaintiff claims that it may pursue its common law remedies independent of the statutory requirements for contesting tax assessments.
Relief from an illegal or excessive tax assessment is obtainable only by: (1) an appeal to the board of tax review and then by a further appeal within two months, to the Superior Court CT Page 9606 pursuant to Secs. 12-111 and 12-118; or (2) an action in court pursuant to Sec. 12-119 within one year from the last valuation date. Norwich v. Lebanon, supra, 200 Conn. 707. "Sections 12-111
and 12-118 provide a `method by which an owner of property may directly call in question the valuation placed by assessors upon his property by appeal to the board of relief, and from it to the courts.'" Wilson v. Kelly, 224 Conn. 110, 118, 617 A.2d 433
(1992), quoting Second Stone Ridge Cooperative Corporation v.Bridgeport, 220 Conn. 335, 339, 597 A.2d 326 (1991). On the other hand, Sec. 12-119 "allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was `manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of [the real] property.'"Wilson v. Kelly, supra.
Sections 12-118 and 12-119 "limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the reliable determination of the amounts a municipality can collect in taxes." (Internal quotation marks omitted.) Norwich v. Lebanon, supra,200 Conn. 710, quoting Cohn v. Hartford, 130 Conn. 699, 702,37 A.2d 237 (1944). In Norwich, the plaintiff brought an action of indebitatus assumpsit to recover money collected under an allegedly illegal assessment approximately six years after the date of the assessment. The court held that the plaintiff could not circumvent the time limitations of Secs. 12-118 and 12-119 by resorting to the equitable writ of assumpsit because, if "a statute establishes a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a procedure." Id., 708. The court rested its decision on the doctrine of exhaustion of remedies and recognized that the purpose behind the limitation periods for challenging tax assessments "would be thwarted if an action for refund of taxes paid upon a disputed assessment could be brought far beyond the time limits for contesting an assessment established by these statutes." Id., 710. "Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities a taxpayer must exhaust them." (Citation and internal quotation marks omitted.) Id., 709.
In the present case, the first five counts of the complaint assert claims concerning the allegedly wrongful assessment of the plaintiff's real property in 1991. Although these claims arose as the result of an increased assessment in 1991, the plaintiff chose CT Page 9607 not to pursue the remedies available under General Statutes Sec.12-111 or 12-119. According to the defendants' affidavit, the tax assessor's office mailed a notice of the plaintiff's appeal rights, but the plaintiff did not contest or appeal the 1991 assessment increase. Instead of timely appealing the assessment increase under the statutory provisions, the plaintiff now attempts to circumvent the statutory time limits by alleging common law claims based upon the alleged wrongful assessment. As in Norwich v.Lebanon, supra, permitting the plaintiff to pursue these common law claims far beyond the statutory time limits would thwart the legislative purpose behind Secs. 12-111, 12-118 and 12-119. As the court stated:
 Where the evident purpose of the statute, "to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes". . . will be defeated by such an extreme disregard of the statutory time limits for relief as appears in this case, we conclude that the legislative purpose of establishing a prompt resolution of assessment disputes must prevail so that town taxes can be computed upon a reliable grand list.
(Citation omitted.) Norwich v. Lebanon, supra, 200 Conn. 712. The plaintiff's failure to bring its common law claims until nearly four years after the initial assessment in question leads this court to the same conclusion.
As to the claims in the first five counts of the amended complaint, the plaintiff failed to exhaust the "complete, adequate and speedy statutory remedies for alleged tax irregularities." Id., 709. Accordingly, the defendants' motion to dismiss counts one through five is granted.
PICKETT, J.