[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2139
The sole issue in this municipal real estate tax appeal is whether a taxpayer can contest a property tax assessment in a non-revaluation year if the decennial revaluation of the property upon which the current assessment is based was not appealed in the first year of the revaluation.
Procedurally, the plaintiff, John B. Sitaras, took an appeal of the property assessment on various parcels owned by the plaintiff located in the town of East Hartford. The appeal was made initially to the East Hartford Board of Assessment Appeals challenging the valuation of the plaintiff's properties on the grand list of October 1, 1995, claiming that the revaluation of the plaintiff's property as of October 1, 1993 (the decennial revaluation), was grossly excessive, disproportionate and unlawful.
The town filed a motion to dismiss and a motion for summary judgment claiming that the plaintiff is precluded from challenging the decennial revaluation of October 1, 1993, because the taxpayer did not challenge the revaluation in the first year following the revaluation. The basis for the town's motions is a decision by Judge Trial Referee Rubinow in the case of JupiterRealty Co. v. Town of Vernon, 17 Conn. L. Rptr. 403 (August 9, 1996, Rubinow, STR). This case is currently on appeal at the Supreme Court (Docket No. S.C. 15580). In the Jupiter Realty
case, Judge Rubinow held that a taxpayer must challenge the valuation of an assessor in the first year following the revaluation. Judge Rubinow stated "[t]he time for claiming that the Year One valuation was too high expired by force of the time-limitations in the valuation-appeals statutes." Id., 404. Judge Rubinow reasoned that because General Statutes §12-62[1] requires an assessor to revalue property at least every ten years, and then to set the same valuation each year until the next revaluation, the taxpayer has only the year following the date of the revaluation to challenge that assessment.
The road map for a taxpayer to follow to challenge a municipal assessment levied on his or her property commences with the filing by the town assessor of a grand list each October first consisting of the property that has been revalued. The assessor does this each year until the next town wide CT Page 2140 revaluation. If the taxpayer believes that the assessment is excessive, the taxpayer may appeal the assessor's valuation to the board of assessment appeals pursuant to General Statutes § 12-111, as amended by Public Act 95-283. The board of assessment appeals consists of three members elected at a regular municipal election for the term of four years. General Statutes § 12-110 requires a board of assessment appeals to meet each year to consider appeals from the doings of the assessor. SeeAlbert Bros., Inc. v. Waterbury, 195 Conn. 48, 53, 485 A.2d 1289
(1985).
General Statutes § 12-111, as amended by Public Acts 95-283 and 96-171, requires the board of assessment appeals to consider all appeals made to it by parties claiming to be aggrieved by the "doings of the assessors of such town" and determine all such appeals "and send written notification of the final determination of such appeals to each such person within one week after such determination has been made." It is solely the function of the board of assessment appeals to review and correct valuations of property made by the assessors of the town. See State Ex rel Coe v. Fyler, 48 Conn. 145, 159 (1880). The legislature has provided for a limited window of time for taking appeals from the doings of the assessors in any town. The time for hearing appeals is limited, except for motor vehicles, to the meetings of the board of assessment appeals during the month of March of each year. See General Statutes § 12-110, as amended by Public Act 95-283.
Where a taxpayer claims to be aggrieved by the action of the board of assessment appeals, the taxpayer may, "within two months from the time of such action [of the board], make application, in the nature of an appeal therefrom . . . to the superior court for the judicial district in which such town or city is situated." General Statutes § 12-117a.
Except for an assessor acting illegally, which may be challenged directly under General Statutes § 12-119, the only remedy for the taxpayer, where the assessor has overvalued the property, is by way of a statutory appeal to the board of assessment appeals and from the board to the superior court. Cohnv. Hartford, 130 Conn. 699, 703, 37 A. 237 (1944). The action in the superior court is not an appeal from the assessor, but rather an appeal from the decision of the board. See General Statutes § 12-117a. CT Page 2141
We find no statutory provision that specifically requires a taxpayer to challenge the valuation of his or her property only in the year following the date of revaluation rather than having the opportunity to challenge the revaluation each subsequent year. On the contrary, the legislature has narrowly limited the taxpayer to the statutory process described above for challenging the valuations placed upon the property by the assessor.
Although the court in the Jupiter Realty case relied in part upon dicta in Pauker v. Roig, 232 Conn. 335, 654 A.2d 1233
(1995), as support for its conclusion that the taxpayer is limited to a challenge of the valuation only in that one year following the date of revaluation, Pauker did not involve an appeal from the board of assessment appeals under General Statutes § 12-117a. The Pauker case was an appeal under General Statutes § 12-119, which deals only with the illegality of the assessment by the assessor. An appeal under General Statutes § 12-119 is limited by statute to a one year period "from the date as of which the property was last evaluated for purposes of taxation."[2] Under General Statutes §12-119 the taxpayer cannot merely challenge an excessive valuation of the property but must show that the process itself was illegal. See Pauker v. Roig, supra, 232 Conn. 341; Second StoneRidge Cooperative Corp. v. Bridgeport, 220 Conn. 335, 339-40,597 A.2d 326 (1991). On this basis, Pauker cannot stand for the proposition that General Statutes § 12-117a sets a limitation of time to take an appeal from the valuation placed upon a taxpayer's property by the assessor, other than the two month period specifically stated in that section. The remedy provided by General Statutes § 12-119 in the event of a wrongful assessment of property is not an alternative to an appeal from the board of assessment appeals, and judgment under that statute is not directed to bringing about a change in the assessment list. See Northeast Datacom Inc. v. Wallingford, 212 Conn. 639,563 A.2d 688 (1989), citing Cohn v. Hartford, supra,130 Conn. 702-703. General Statutes § 12-119 was only intended to afford relief against the collection of an illegal tax. Pauker v.Roig, supra.
It is interesting to note that General Statutes §12-117a, which provides for a yearly appeal from the board of assessment appeals to the superior court, allows a taxpayer to amend the complaint at any time a new assessment year begins without appearing before the board. General Statutes §12-117a provides "[i]f, during the pendency of such appeal, a new CT Page 2142 assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review or board of assessment appeals, as the case may be, to make such amendment effective." If the taxpayer was restricted to taking an appeal only in the first year following the date of revaluation, allowing the taxpayer to include in his or her appeal the new assessment years beginning during that appeal would be meaningless.
The rules of statutory construction provide that a statute should be construed so that no word, phrase or clause will be rendered meaningless. Verrastro v. Siversten, 188 Conn. 213, 221,448 A.2d 345 (1982); see also Office of Consumer Counsel v. DPUC,234 Conn. 624, 646, 662 A.2d 1251 (1995). Where the words of a statute are clear, courts cannot speculate as to what the legislature intended, but rather consider what the intention was as expressed by the language used. Verrastro v. Siversten, supra, 220. Statutes are to be construed to give effect to the apparent intentions of the lawmaking body. Id.; see also M. DeMatteoConstruction Co. v. New London, 236 Conn. 710, 714-15,274 A.2d 845 (1996). We agree with the plaintiff that a careful reading of General Statutes § 12-62 (a) (decennial revaluation) and General Statutes § 12-117a (appeal from board of assessment appeals) shows that neither statute expressly restricts the time limitation within which an appeal must be taken to the superior court except for the two month period following the notice of the decision of the board of assessment appeals.
While our statutes do not permit interim revaluations except under special circumstances, not apparent in this case, the taxpayer may take an appeal at any time after the decennial revaluation date seeking to establish the valuation as of the decennial revaluation date on a de novo basis. See Ralston PurinaCo. v. Board of Tax Review, 203 Conn. 425, 435-39, 525 A.2d 91
(1987); Uniroyal Inc. v. Board of Tax Review, 182 Conn. 619, 629,438 A.2d 782 (1981) (Uniroyal II); 84 Century Limited Partnershipv. Board of Tax Review, 207 Conn. 250, 251, 260-62, 541 A.2d 478
(1988); see also Newbury Commons Ltd. Partnership v. Stamford,226 Conn. 92, 626 A.2d 1292 (1993). In all of these cases, the appeal from the board of tax review's decision was taken more than one year after the revaluation date.
In none of these cases did the parties, trial court or CT Page 2143 Supreme Court raise the issue that the appeal, taken more than one year following the revaluation date, was void because of a statute of limitations issue. In General Statutes § 12-117a, as stated above, the only time limitation specifically expressed in the statute is that the plaintiff bring an appeal within two months of the board's decision.
For the above reasons, we conclude that there is no statutory limitation that would restrict a taxpayer's ability to challenge, under General Statutes § 12-117a, the valuation placed upon his or her property to the year following the date of the decennial revaluation. Accordingly, the motion to dismiss and the motion for summary judgment are denied.
Aronson, J.