[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By agreement of the parties the court has been asked to rule upon a motion for summary judgment as to the Second Count of the complaint.
This action was instituted in April 6, 1995. The plaintiff did not serve the City of West Haven challenging the tax assessments placed upon the subject property with respect to the Grand Lists of 1991, 1992 and 1993.
The parties stipulated to the value of the property regarding the First Count on September 8, 1998 to reflect the true and actual value of the property as of October 1, 1991 and further agreed to make corrections as to the assessment for the years of CT Page 11858 1994, 1995, 1996 and 1997 pursuant to § 12-118 now § 12-117a
of the General Statutes for the State of Connecticut, but not for the prior years of 1991, 1992 or 1993 under the Second Count.
The Second Count of the amended complaint alleges that pursuant to § 12-119 of the General Statutes for the State of Connecticut that the assessment was manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation.
The plaintiff argues that "Section 12-119 of the General Statutes states, in relevant part, that an application for relief `may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . .' The stipulation of the parties became effective on September 8, 1998, and the assessor for the City agreed to change the assessment records to reflect that the true and actual value of the plaintiff's property on October 1, 1991 was $233,200.00.
The plaintiff argues because an application may be made within one year from the date as of which the property was last evaluated, the plaintiff's claim is timely for all years subsequent to October 1, 1991." The plaintiff claims that under § 12-62 of the General Statutes that revaluation of real property is required at least once every ten years but in no way precludes further revaluation during interim years and that the stipulated evaluation became the correct evaluation until the next town revaluation. The plaintiff argues that under JupiterRealty Company v. Board of Tax Review, 242 Conn. 363 that an owner has the right to appeal for the year and any subsequent year. The plaintiff argues that the court under Jupiter should allow the Second Count; and for equitable reasons also that the prior years of 1991, 1992 and 1993 should also be allowed under the Second Count.
The defendant argues and the record discloses at the time the court accepted the stipulation as to the First Count that that stipulation as to value did not relieve the plaintiff of proving his case under § 12-119 in the Second Count. The defendant did not agree that the evaluation of the First Count should be treated retroactively as to the Second Count. CT Page 11859
"General Statutes Section 12-119 provides in pertinent part:
 When it is claimed that . . . a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . . (emphasis added)
The defendant cites Norwich v. Lebanon, 193 Conn. 342, 346-47
(1984) ("Norwich") that real property is assessed yearly for purposes of taxation despite decennial revaluations.
The defendant argues that our supreme court mandates that a property owner must bring an action under § 12-119 within one year of the annual assessment date.
Later in Norwich v. Lebanon, 193 Conn. 342 (1986) ("Norwich II") the property owner was rejected again and our supreme court stated at page 710:
 "In Cohn v. Hartford, [130 Conn. 699, 702, (1994)], however, we recognize that 12-118 and 12-119 `limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amount a municipality can collect as taxes." It is apparent that this legislative purpose would be thwarted if an action for refund of taxes paid upon a disputed assessment could be brought far beyond the time limits for contesting an assessment established by the statutes.
Our Supreme Court also stated that equitable considerations fall in favor of the municipality.
 Where the evident purpose of the statute, to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes, will be defeated by CT Page 11860 such an extreme disregard of the statutory time limits for relief as it appears in this case, we conclude that the legislative purpose of establishing a mechanism for prompt resolution for assessment disputes must prevail so that town taxes can be computed upon a reliable grand list.
Accordingly, the court finds that the plaintiff in this case under these facts did not take a timely appeal under § 12-119
and is barred from seeking relief retroactively for the years of 1991, 1992, and 1993 under the Second Count.
Summary Judgment is granted in favor of the defendant on the Second Count.
Frank S. Meadow Judge Trial Referee